■ In the Matter of Lawrence Odom, Appellant, v Robert J. Henderson, as Superintendent of the Auburn Correctional Facility, et al., Respondents.—Judgment unanimously affirmed. Memorandum: Petitioner was sentenced in Supreme Court, Kings County, on November 1, 1974 for robbery, first and second degrees and grand larceny, third degree, and three indeterminate terms were imposed upon him, 0 to 10 years for each of the robbery counts and 0 to 4 years for the grand larceny count. In April, 1976 the Board of Parole gave him a parole release hearing and ordered him held until April, 1978, stating its reasons as follows: "1—The seriousness of the crime. 2—The time is necessary in order to participate in programs that is necessary to further advance your rehabilitation." Special Term dismissed petitioner's article 78 petition to require a further statement from the Board of Parole, the court finding the reasons given to be meaningful and sufficient. We agree (see *Matter of Ebbs v Regan,* 54 AD2d 611; *People ex rel. Ganci v Henderson,* 54 AD2d 609; *Matter of Watkins v Caldwell,* 54 AD2d 42). (Appeal from judgment of Cayuga Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Dillon, Goldman and Witmer, JJ.

■ Frank Fahey et al., Respondents, v County of Ontario Defendants, and Sheriff of County of Ontario, Appellant.—Motion for reargument, or, in the alternative for leave to appeal to the Court of Appeals granted. Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.

■ The People ex rel. John P. Archer, Appellant, v New York State Board of Parole, Respondent.—Motion for reargument granted, decision and order of January 14, 1977 vacated, and judgment unanimously modified in accordance with the following memorandum: Petitioner was sentenced on June 6, 1973 to an indeterminate term of up to four years following his conviction on a plea to burglary, third degree. On November 7, 1975 he was granted a conditional release. On December 12, 1975 he was arrested for a burglary and later was sentenced to a term of two to four years to run concurrently with his parole time. In a habeas corpus proceeding petitioner made an application to be released, which Special Term treated as an article 78 proceeding. It correctly held that petitioner was not entitled to be released upon habeas corpus from the custody of the Department of Correction and to be returned to parole status because he was incarcerated under a two-to-four year sentence imposed on him in 1976 as a result of the 1975 burglary (see *Matter of Greene v Smith,* 52 AD2d 292). Special Term, however, improperly dismissed the parole detainer violation warrant with prejudice on the ground that petitioner was not afforded a final revocation hearing (Correction Law, § 212, subd 7). Rather than dismiss the parole detainer violation warrant, petitioner should be given a final parole revocation hearing. (See *Matter of Beattie v New York State Bd. of Parole,* 39 NY2d 445). Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ. (Order entered Feb. 28, 1977.)