■ In the Matter of ROBERT CONSILVIO, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Board of Parole, dated August 25, 1976, which denied petitioner his release on parole, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated November 15, 1976, which dismissed the petition. Judgment affirmed, without costs or disbursements. Petitioner was sentenced on January 6, 1971, January 8, 1971 and January 14, 1971 to three concurrent indeterminate sentences of up to 15 years upon his convictions of manslaughter in the first degree (the first two judgments) and rape in the first degree (the third judgment). He was denied parole for the following reason: "The serious nature of the crime[s] for which you are now serving in which you killed two females and seriously stabbed one other female, it is felt that release at this time would not be in the best interest of society." Petitioner contends

that the given reason fails to comply with the requirements of subdivision 6 of section 214 of the Correction Law. We disagree. As required by statute, the Board of Parole has given its rationale for the denial of parole (see Correction Law, § 214, subd 6). "The Legislature has expressly set forth the criteria which the Board of Parole must employ in making its decision (Correction Law, §§ 212–214). Only when the board violates the criteria set forth in these provisions, may its decision be reviewed (Correction Law, § 212, subd 10)" *(Matter of Tomarkin v Bombard,* 56 AD2d 881). Consideration solely of the offenses giving rise to the incarceration does not violate such criteria. Martuscello, J. P., Cohalan, Damiani and Titone, JJ., concur.