OPINION OF THE COURT
Con. G. Cholakis, J.
Petitioner pleaded guilty to two counts of rape, first degree, two counts of attempted rape, first degree and one count of assault, second degree and was sentenced to concurrent indeterminate periods of imprisonment with a maximum term of 18 years on each of the rape, first degree counts and a *341 maximum term of 15 years on each of the attempted rape, first degree counts and a maximum of seven years on the assault, second degree count.
Since the court did not set a minimum sentence of imprisonment (MPI) the Board of Parole was mandated to do so pursuant to subdivision 2 of section 212 of the Correction Law. In attempting to carry out the mandate provided by law, the Parole Board conducted a hearing to set the MPI on June 22, 1977. As a result of that hearing the board set an MPI of nine years for each of the rape, first degree charges, an MPI of seven years six months for each of the attempted rape, first degree charges and an MPI of three years for the assault, second degree charge.
This decision of the board was attacked by the petitioner and as a result of the ensuing litigation, the parties agreed on October 14, 1977 that a new hearing should be held. Pursuant to this agreement a new hearing was held on October 18, 1977 and the board re-established the MPIs that it had set after the June 22, 1977 hearing.
Petitioner now attacks the board’s action on three basic grounds: (1) That petitioner was not notified, at least three days in advance of his appearance before the board (Correction Law, § 214, subd 7, L 1977, ch 121). (2) The board failed to provide meaningful reasons for the MPIs set by it. (3) The board acted arbitrarily and capriciously.
Considering each of his points, in turn, the court finds that section 214 of the Correction Law was amended by adding subdivision 7 to provide as follows: "Whenever a prisoner is to appear before the board, he shall be advised, in writing, and at least three days before such appearance, the reason for such appearance” (eff July 12, 1977).
It is conceded that the petitioner was not given the required three days notice. Petitioner alleges that the purpose of the statute, according to point III of his memorandum of law, is to overcome the intimidated, rushed experiences which prisoners undergo upon being brought before the Parole Board. In this regard it is to be noted that the petitioner does not allege that he was intimidated or in any way rushed or harrassed by his appearance before the board. On the contrary, he alleges that he calmly and rationally spoke to the members of the board. The court must also consider that petitioner had received an earlier MPI hearing and the new hearing was scheduled because of his dissatisfication with the first MPI hearing and *342 as a result of an agreement between his counsel and the Attorney-General.
The court therefore concludes that while a technical compliance with the notice section was not had the petitioner was aware that a hearing was to be held and there has been no showing that he has been, in any way, injured by the failure to give proper notice.
The petitioner further alleges that the board failed to provide meaningful reasons for the MPIs which it set.
While a Parole Board is now mandated, by statute, to provide facts and reasons for denial of parole (Correction Law, § 214, subd 6) it is also mandated to provide meaningful reasons for any MPI which it might set (Matter of Speed v Regan, 50 AD2d 1100, affd 42 NY2d 1087). The court also finds that reasoning and logic for requiring an explanation of a denial of parole and the reasoning and logic in setting forth reasons for an MPI are analogous.
Following the second setting of the MPIs the petitioner was notified, through the receipt of two separate documents, that the board based its decision on the following facts: (1) [Crime] involved violence against a person. (2) [crime] involved abnormal sexual behavior. (3) Negative response to probation supervision, commission of serious sexual misbehavior and a diagnosis of this follow [sic] as an anti-social personality are reasons this panel believes that earlier release would probably be against the welfare of society.
The petitioner now alleges that these reasons are not meaningful and do not comply with the mandate imposed upon the board. This court disagrees. The board has fulfilled its obligation and has given meaningful reason to the petitioner why it set the MPIs as it did. (Cf. Matter of Donzague v New York State Bd. of Parole, 58 AD2d 707; Matter of Consilvio v New York State Bd. of Parole, 57 AD2d 955.)
The final argument raised by petitioner is that the board acted arbitrarily and capriciously.
Based upon all of the foregoing it is the court’s determination that there has been no showing that the board acted in any other than a proper manner.
Petition is therefore dismissed.