■ In the Matter of CHARLES HINTZE, Respondent, v NEW YORK STATE BOARD OF PAROLE, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Board of Parole, dated July, 1977, which fixed petitioner's minimum period of imprisonment at three years under an indeterminate six-year sentence which he was serving upon his conviction of attempted robbery in the first degree, the board appeals from a judgment of the Supreme Court, Westchester County, dated April 27, 1978, which granted the petition and directed the board "to give the petitioner a new minimum period of imprisonment hearing and to give him meaningful written reasons for any decision." Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. In setting the three-year minimum term of imprisonment herein, the board gave the following reason: "You are convicted of serious crimes, Att. Robbery." In our opinion consideration solely of the seriousness of the offense in this case, where petitioner, armed with a shotgun, attempted to rob the occupants of an armored truck, constitutes a sufficient and meaningful reason for the board's action in fixing the minimum period of imprisonment (cf. *Matter of Hergueta v New York State Parole Bd.,* 63 AD2d 701; *Matter of Consilvio v New York State Bd. of Parole,* 57 AD2d 955; *Matter of Sturgis v Caldwell,* 57 AD2d 728; *Matter of Odom v Henderson,* 57 AD2d 710). Damiani, J. P. and Rabin, J., concur.

Titone, J., concurs in the result, with the following memorandum: I have come to the conclusion that consideration solely of the offense giving rise to a detainee's incarceration does not constitute sufficient reason for the action of a parole board in fixing either a minimum period of imprisonment or in denying release on parole (see *Coralluzzo v New York State Parole Bd.,* 566

F2d 375). I concur solely upon the constraint of *Matter of Sturgis v Caldwell* (57 AD2d 728), *Matter of Odom v Henderson* (57 AD2d 710), *Matter of Consilvio v New York State Bd. of Parole* (57 AD2d 955) and *Matter of Hergueta v New York State Parole Bd.* (63 AD2d 701).

Suozzi, J., dissents and votes to affirm the judgment, with the following memorandum: Petitioner was convicted, upon his plea of guilty, of the crime of attempted robbery in the first degree and was sentenced on September 8, 1976 as a first felony offender. The court imposed a maximum sentence of six years and, instead of imposing a minimum sentence which could not exceed one third of the maximum, i.e., two years (see Penal Law, § 70.00, subd 3, par [b]), it left the minimum period of imprisonment to be fixed by the Board of Parole (see Penal Law, § 70.00, subd 3, par [c]). In setting a three-year minimum term of imprisonment upon petitioner, the Board of Parole simply gave the following reason, "You are convicted of serious crimes, Att. Robbery." In reversing the judgment appealed from and dismissing the proceeding challenging the propriety of the board's determination, the majority holds that the seriousness of petitioner's crime, by itself, constitutes a sufficient and meaningful reason for the board's action in fixing the minimum period of imprisonment imposed herein, relying on the authority of *Matter of Hergueta v New York State Parole Bd.* (63 AD2d 701), *Matter of Consilvio v New York State Bd. of Parole* (57 AD2d 955), *Matter of Sturgis v Caldwell* (57 AD2d 728) and *Matter of Odom v Henderson* (57 AD2d 710). I disagree. In my view, the Board of Parole did not satisfy its mandate under subdivision 2 of former section 212 of the Correction Law when it relied solely on the seriousness of petitioner's crime in fixing petitioner's minimum period of imprisonment. Nor do I regard the decisions cited by the majority as controlling. The facts are not in dispute. On June 28, 1977 petitioner met with the Board of Parole for the purpose of having his minimum term of imprisonment fixed. This meeting was held pursuant to subdivision 2 of former section 212 of the Correction Law, which provided: "2. In any case where a person is received in an institution under the jurisdiction of the state department of correction with an indeterminate sentence, and the court has not fixed the minimum period of imprisonment, the board shall cause to be brought before one or more members not sooner than nine months or later than one year from the date the term of such sentence commenced all information with regard to such person referred to in section two hundred eleven and such of the information specified in subdivision four of section two hundred fourteen of this chapter as may have been compiled. The member or members receiving such information shall study same and shall personally interview the sentenced person. Upon conclusion of the interview, such member or members shall make a determination as to the minimum period of imprisonment to be served prior to parole consideration. Such determination shall have the same force and effect as a minimum period fixed by a court, except that the board may at any time make subsequent determinations reducing such minimum period provided that the period shall in no case be reduced to less than one year. Notification of the determination and of any subsequent determination shall be furnished in writing to the sentenced person and to the person in charge of the institution as soon as practicable." (This provision was repealed by L 1977, ch 904, § 2.) At the hearing, petitioner indicated his remorse for his action, stressed the need of his two children and his divorced wife for financial support and advised the board that he had a home and employment awaiting him if he was immediately paroled. (Under the statute, petitioner's minimum sentence could have been fixed as

low as one year, i.e., Sept. 8, 1977, a little more than two months from the date of the minimum imprisonment hearing.) The board did not accept petitioner's argument and, instead, by decision notice dated July, 1977, set the minimum term of imprisonment at three years, one half of the maximum sentence imposed by the court. The only reason given to petitioner was: "You are convicted of serious crimes, Att. Robbery." It is interesting to note that had the minimum been imposed by the court, it could not have exceeded two years, one third of the maximum imposed (see Penal Law, § 70.00, subd 3, par [b]). The instant proceeding challenging the board's determination was then commenced. Special Term held in favor of petitioner and directed the board to give petitioner a new minimum period of imprisonment hearing and to give him meaningful written reasons for its decision. In sentencing a first felony offender, a court has the power to fix the minimum term of imprisonment, which "is an irrevocable declaration that a defendant must serve a specified period of time in prison before the Parole Board is empowered to release him" *(Walker v Oswald,* 449 F2d 481, 484). A minimum term fixed by a court cannot exceed one third of the maximum sentence imposed. In imposing a minimum sentence, a court must "set forth in the record the reasons for its action" (Penal Law, § 70.00, subd 3, par [b]), which presumably include the nature of the crime and defendant's background as reflected in the presentence report which must be supplied to the court prior to sentence (CPL 390.20). The purpose of the statute is to "aid the court in focusing upon the purpose of the minimum", i.e., the length of time a prisoner must serve before he is eligible for parole, and to serve as "a method of explaining the sentence to the public and the offender" (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 70.00, p 200). The requirement imposed on a court in imposing sentence regarding consideration of a defendant's background should not be any less when the fixing of the minimum is placed by the court in the hands of the Board of Parole pursuant to section 70.00 (subd 3, par [c]) of the Penal Law. The purpose of a minimum period of imprisonment hearing "is to ascertain an inmate's background, to determine the inmate's needs in terms of correctional treatment, [and] to explain to him what is expected of him before considering his release on parole" (see *Walker v Oswald, supra,* p 484). This obligation of meaningful review by the board of the prisoner's background cannot be satisfied by a mere reference to the crime for which he stands convicted, and reliance on the latter to the exclusion of all other factors is particularly offensive in the case at bar, where the board imposed a minimum sentence in excess of that which could have been imposed by the sentencing court (see *Coralluzzo v New York State Parole Bd.,* 566 F2d 375). It is true that the cases cited by the majority stand for the proposition that the board may rely solely on a defendant's conviction in denying him parole. However, in all of those cases, the board had the benefit of being able to evaluate the defendant's behavior in prison for an extended time and implicit in the determinations was a negative evaluation of his prison record. Indeed, in one of the cases cited, *Matter of Odom v Henderson (supra,* p 710), the board, in addition to citing the seriousness of the crime as a reason for denying parole, also stated that "the time is necessary in order to participate in programs that is *[sic]* necessary to further advance your rehabilitation." In the case at bar, where petitioner has not been incarcerated for an extended period, it is all the more incumbent on the board to give meaningful reasons, apart from the nature of the crime, before it imposes a minimum sentence in excess of that which could have been imposed by the court. It should be noted that effective

January 1, 1978, former section 212 of the Correction Law was repealed (see L 1977, ch 904, § 2). Specifically, subdivision 2 of former section 212 has been replaced by section 259-i (subd 1, par [a]) of the Executive Law, which provides: "Procedures for the conduct of the work of the state board of parole 1. Establishment of minimum periods of imprisonment. (a) In any case where a person is received in an institution under the jurisdiction of the department of correctional services with an indeterminate sentence, and the court has not fixed a minimum period of imprisonment, the board shall cause to be brought before one or more members in accordance with the rules of the board within one hundred twenty days from the date on which such person is received in an institution under the jurisdiction of the department of correctional services pursuant to such sentence or as soon thereafter as practicable, all information with regard to such persons referred to in subdivision three of section two hundred fifty-nine-c of this article. The member or members receiving such information shall study the same and shall personally interview the sentenced person. Upon conclusion of the interview, he shall determine the minimum period of imprisonment to be served prior to parole consideration in accordance with the guidelines adopted pursuant to subdivision four of section two hundred fifty-nine-c of this article. Such guidelines shall include (i) the seriousness of the offense with due consideration to the type of sentence, length of sentence and recommendations of the sentencing court, the district attorney, the attorney for the inmate, the pre-sentence probation report as well as consideration of any mitigating and aggravating factors, and activities following arrest and prior to confinement; and (ii) prior criminal record, including the nature and pattern of offenses, adjustment to any previous probation or parole supervision and institutional confinement. Such determination shall have the same force and effect as a minimum period fixed by a court, except that the board may provide by rule for the making of subsequent determinations reducing such minimum period which shall not be reduced to less than one year. Notification of such determination and of any subsequent determinations and of the reasons therefor shall be furnished in writing to the sentenced person and to the person in charge of the institution as soon as practicable. Such reasons shall be given in detail and not in conclusory terms." Although the new statute became effective January 1, 1978 and is not technically applicable to the case at bar, it reveals a clear decision by the Legislature to have the Board of Parole give detailed reasons, not limited solely to the seriousness of the crime, before fixing the minimum period of imprisonment. The Legislature itself has so declared (L 1977, ch 904, § 1): "Further, the exercise of discretion, which is inherent in the parole system, must be structured and administered consistent with notions of due process. The legislature therefore finds that the parole board must articulate the criteria which guide the process of fixing minimum periods of imprisonment and making parole release determinations so as to provide a clearer understanding of the parole process. The adoption and use of written criteria will facilitate notice of the standards by which an offender's conduct will be evaluated. It is the legislative intent that these organizational and substantive changes will create an appropriate framework within which the parole system can arrive at individual determinations that are just and proper to the particular individual while at the same time consistent with the treatment of others similarly situated. By enhancing the operation of the parole process, these reforms should improve the administration of justice in this state." Accordingly, the judgment appealed from should be affirmed.