◼ In the Matter of ALLEN SHAPIRO, Appellant, v EDWARD HAMMOCK, as Chairman of the New York State Board of Parole, et al., Respondents.— In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Board of Parole, dated October 26, 1977, which denied petitioner his release on parole, the appeal is from a judgment of the Supreme Court, Westchester County, entered February 9, 1978, which denied the petition. Judgment affirmed, without costs or disbursements. The seriousness of the offenses in this case, where the petitioner is serving concurrent sentences on convictions of rape in the first degree, sodomy in the first degree, burglary in the second degree and robbery in the first degree, constitutes a sufficient and meaningful reason for the board's action in denying parole (see *Matter of Consilvio v New York State Bd. of Parole,* 57 AD2d 955; see, also, *Matter of Hintze v New York State Bd. of Parole,* 66 AD2d 848, especially the dissenting memorandum by Mr. Justice Suozzi, p 849). In seeking to distinguish *Consilvio* on its facts petitioner is asking that we review the board's discretion. This we may not do (see Correction Law, former § 212, subd [10]; Executive Law, § 259-i, subd 5; *Matter of Briguglio v New York State Bd. of Parole,* 24 NY2d 21, 29; cf. *Solari v Vincent,* 46 AD2d 453, revd on the ground of mootness 38 NY2d 835). On this record, there was no denial of due process. The case on which petitioner relies *(Addonizio v United States,* 573 F2d 147) is inapposite. Release is not a reward for good conduct and must not be incompatible with the welfare of society (Correction Law, former § 213). It must "not so deprecate the seriousness of [the] crime as to undermine respect for law" (Executive Law, § 259-i, subd 2, par [c]). Damiani, J. P., Titone, O'Connor and Martuscello, JJ., concur.