*281 OPINION OF THE COURT
Charles B. Swartwood, J.
On April 29, 1977, following a plea of guilty to second degree attempted murder, the petitioner was sentenced by the Supreme Court in Erie County to an indeterminate term of imprisonment with a maximum term of eight years. No minimum period of imprisonment was imposed by the court.
Because the sentencing court did not fix a minimum period of imprisonment, the petitioner appeared before three Commissioners of the Board of Parole at the Elmira Correctional Facility in March of 1978 for the purpose of having his minimum period of imprisonment set pursuant to subdivision 1 of section 259-i of the Executive Law. On March 8, 1978 the designated commissioners of the board established the petitioner’s minimum period of imprisonment to be 54 months. Written notification of this determination was furnished to the petitioner who thereafter appealed the determination to the Board of Parole pursuant to subdivision 4 of section 259-i of the Executive Law. The respondent board affirmed the 54-month minimum period of imprisonment determination on July 27, 1978 and this CPLR article 78 proceeding challenging that determination followed.
The petitioner contends, first, that the respondent board has arbitrarily, capriciously, and in an abuse of its discretion established his minimum period of imprisonment without complying with the written guidelines established by it for such purpose (see Executive Law, § 259-c, subd 4; 9 NYCRR 8001.3 [b]). Next, the petitioner maintains that the minimum period set by the board is arbitrary and capricious and an abuse of discretion because the 54-month period exceeds the minimum period which the court itself could have set in the first instance by 22 months. Lastly, the petitioner contends that if the board fixed the minimum period of imprisonment independent of the guidelines established by it for such purpose, such determination was made in violation of the law as detailed reasons for the determination not in conclusory terms were not given by the board as required by section 259-i (subd 1, par [b]) of the Executive Law and 9 NYCRR 8001.3 (c).
In its reply, the respondent board maintains that since it had authority pursuant to section 259-i (subd 1, par [b]) of the Executive Law and 9 NYCRR 8001.3 (c) to fix the minimum period of imprisonment outside the guidelines of 9 NYCRR 8001.3 (b) and that, in fact, the board took such action, it is *282 irrelevant whether the guidelines were properly followed. Further, the respondent maintains that it is within its discretion to establish a minimum period of imprisonment in excess of that which could have been fixed by the court in the first instance. Lastly, the respondent maintains that detailed written reasons for its determination not in conclusory form were given in compliance with section 259-i (subd 1, par [b]) of the Executive Law and 9 NYCRR 8001.3 (c).
The petitioner bases his first contention on the argument that the respondent has chosen offense severity level number "2” for the crime for which he is presently sentenced and that a less severe level should have been chosen (see 9 NYCRR 8001.3 [b]). In addition, the petitioner claims that even if offense severity level "2” is correct, because the board determined his past criminal history level to be "8” or good, the guidelines set forth in 9 NYCRR 8001.3 (b) provide for a minimum period of imprisonment of between 23-28 months and therefore the 54-month period set by the board is contrary to law.
However, we find that the respondent is correct in contending that any error which it may have made in determining the offense severity level or setting the minimum period beyond that specified in the guideline chart of 9 NYCRR 8001.3 (b) to be irrelevant as the board specifically stated at the conclusion of its hearing and in its written reasons for the minimum period imposed that its decision was made outside the guidelines. The board has authority to establish a minimum period outside the guidelines (Executive Law, § 259-i, subd 1, par [b]; 9 NYCRR 8001.3 [c]). In such a circumstance, the offense severity level and other criteria of the guidelines set forth in 9 NYCRR 8001.3 (b) are not determinative of the period fixed by the board.
The petitioner’s contention that the decision of the respondent board was made in violation of the law because it failed to give detailed reasons for its determination poses a more difficult problem. Section 259-i (subd 1, par [b]) of the Executive Law requires the board to give written reasons for any determination which fixes a minimum period of imprisonment independent of the criteria established by the board "in detail and not in conclusory terms.” (See, also, 9 NYCRR 8001.3 [c].) In this case the reason given by the board was "the nature of your criminal offense and the need for further institutional programming.” On appeal, the parole appeal *283 decison notice amplified on this reason considerably. However, section 259-i (subd 1, par [b]), of the Executive Law places the requirement for providing written detailed reasons on the board making the determination and not on the board hearing the appeal. Therefore, the reasons given by the appeal board in the parole appeal decision notice cannot correct any deficiency that may exist in the reasons given by the initial hearing board.
We find no cases determining what reasons are sufficient under recently enacted section 259-i (subd 1, par [b]) of the Executive Law. However, the legislative findings and purpose which accompany the adoption of article 12-B of the Executive Law (L 1977, ch 904, § 1, eff Jan. 1, 1978) provides that "the exercise of discretion, which is inherent in the parole system, must be structured and administered consistent with notions of due process. The legislature therefore finds that the parole board must articulate the criteria which guide the process of fixing minimum periods of imprisonment”. This directive would seem to not only call for the establishment of guidelines but also to require special measures if the decision establishing a minimum period of imprisonment is made outside of the guidelines.
It is interesting to note that the statement of appeals unit findings states that the reasons given by the hearing board were conclusory. That statement recommended that new and detailed reasons be given for the determination but apparently this has not been done.
The respondent relies on cases decided under subdivision 2 of section 212 and subdivision 6 of former section 214 of the Correction Law in arguing that the reasons given by the board are sufficient (see, e. g., Matter of Ganzague v New York State Bd. of Parole, 58 AD2d 707; Matter of Consilvio v New York State Bd. of Parole, 57 AD2d 955; Matter of Regan v New York State Bd. of Parole, 93 Misc 2d 340). However, even if the same standard applies under section 259-i (subd 1, par [b]) of the Executive Law as applied under subdivision 2 of former section 212 of the Correction Law in regard to giving reasons for establishing a minimum period of imprisonment, the cases cited by the respondent do not support the argument that the reason given by the board in this case is sufficient. Although mentioning the nature of the offense involved, the reasons given in the cases cited by the respondent go further and at least explain some of the factual elements of the crime in *284 volvéd or the possible effect of an early release ón the welfare of society. This was not done by the board in this case.
Also, the language used by the Legislature in section 259-i (subd 1, par [b]) of the Executive Law indicates an intention to require the board to adhere to a more rigorous standard than that required prior to the change in the law. Subdivision 2 of former section 212 of the Correction Law (L 1967, ch 680, § 147, as renum by L 1970, ch 475, § 43, as amd by L 1973, ch 467) was the predecessor of section 259-i (subd 1, par [b]) of the Executive Law. That section of the law also required the Board of Parole to fix the minimum period of imprisonment if such period was not fixed by the sentencing court but merely stated that "[notification of the determination * * * shall be furnished in writing to the sentenced person”. No requirement for giving any reasons for such determination can be found in the statute itself. Such a requirement was imposed by the courts (see Matter of Festus v Regan, 50 AD2d 1084; Matter of Speed v Regan, 50 AD2d 1100, affd 42 NY2d 1087). Therefore, section 259-i (subd 1, par [b]) of the Executive Law, which requires the board to give detailed reasons not in conclusory terms, certainly seems to mandate more than was necessary under the former law.
Be that as it may, we determine that "the nature of your criminal offense” followed by a statement expressing the conclusion of a need for further institutional programming fails to comply with the mandate of section 259-i (subd 1, par [b]) of the Executive Law in that such reason is not only conclusory but also fails to provide any details as required by law.
This is not to say that the crime for which an inmate is convicted cannot be considered by the board in setting the minimum period of imprisonment. However, if such fact is used, the board must do more than merely state "the nature of your criminal offense” in order to comply with section 259-i (subd 1, par [b]) of the Executive Law.
The petitioner also contends that the board acted arbitrarily iii setting the minimum period of imprisonment beyond the one third of the maximum term imposed (eight years) which the sentencing court could have set under section 70.00 (subd 3, par [b]) of the Penal Law. The petitioner relies on the decision of Justice Sweeny at Special Term in Matter of Russo v New York State Bd. of Parole (98 Misc 2d 251) to that effect.
Neither section 70.00 (subd 3, par [c]) of the Penal Law *285 nor section 259-i of the Executive Law sets any absolute limitations on the range of the minimum period of imprisonment which the Parole Board may set except that the minimum sentence may not be less than one year. Further, it is clear from a reading of section 259-i (subd 2, par [c]) of the Executive Law that even where a court has set a minimum period of imprisonment the board may consider the same factors in granting or denying parole that it is directed to consider when determining minimum periods of imprisonment under paragraph (a) of subdivision 1 of that section. Therefore, the effect of setting of the minimum period of imprisonment whether done by a court or by the board is a triggering of the time for consideration of the prisoner’s release on parole and does not necessarily affect the period the prisoner may have to continue in prison. The board is directed to consider the matters listed under section 259-i (subd 1, par [a]) either when it sets the minimum period of imprisonment, or if it does not, before it grants or denies release on parole. For these reasons we do not believe that either the wording of section 70.00 (subd 3, par [c]) of the Penal Law or of section 259-i of the Executive Law necessarily requires an interpretation that the one third of the maximum sentence limit placed on the court is meant to apply to the Parole Board as well.
However, there may be issues of constitutional dimensions in that respect which have neither been addressed nor argued by the parties. Further, since this matter is to be returned to the Parole Board, that issue may become moot and for that reason we do not make a definitive ruling thereon.
The petitioner is granted judgment vacating the determination of the respondent board and directing the board to conduct a new minimum period of imprisonment hearing according to the requirements of section 259-i of the Executive Law. Such a hearing is to be conducted within the time period set forth in that section, which period shall commence from the service of a copy of the judgment based hereon.