■ In the Matter of JIMMY LYNCH, Respondent, v EDWARD R. HAMMOCK, as Chairman of the New York State Board of Parole, Appellant. — In a proceeding pursuant to CPLR article 78 to compel the New York State Board of Parole to grant the petitioner a new minimum period of imprisonment hearing, the appeal is from a judgment of the Supreme Court, Dutchess County, dated June 21, 1979, which annulled the determination fixing petitioner's minimum period of imprisonment and remanded the matter for reconsideration. Judgment affirmed, without costs or disbursements. The Board of Parole is empowered to fix an inmate's minimum period of imprisonment (MPI) at greater than one third of the maximum period, even in those cases where, pursuant to section 70.00 (subd 3, par [b]) of the Penal Law, the sentencing court would not be authorized to do so (see *Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69; *Matter of Andre v New York State Bd. of Parole,* 78 AD2d 678). However, in this case, the Board of Parole based its calculation of petitioner's MPI upon an incorrectly computed inmate rating. In determining this rating, the board charged petitioner with two or three prior convictions, resulting in an over-all score of "8" and a rating of "fair", which corresponds to an MPI range of 60 to 80 months. In fact, however, petitioner had only one prior conviction, so that his score should have been "9", his rating "good", and his MPI range 40 to 70 months (see 9 NYCRR 8001.3 [former subd a]). The MPI established was, in fact, 84 months, which was in excess of even the wrongly computed inmate rating. The Board of Parole stated its reasons for not following its guidelines, which would normally be sufficient to justify such a deviation (see *Matter of Russo v New York State Bd. of Parole, supra; Matter of Rogers v Hammock,* 100 Misc 2d 280). However, the Board of Parole operated under the belief that petitioner's rating was "fair" and thus offered reasons for deviating from a guideline which was not applicable in the first place. Therefore, its determination cannot stand (cf. *Matter of Brazill v New York State Bd. of Parole,* 76 AD2d 864; *Brach v Nelson,* 472 F Supp 569; *Kohlman v Norton,* 380 F Supp 1073). Damiani, J.P., Lazer, Mangano and Weinstein, JJ., concur.