■ In the Matter of CLYDE COLLINS, JR., Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered December 11, 1980 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to annul determinations in two disciplinary proceedings. On March 20, 1980, while an inmate at Ossining Correctional Facility, petitioner was charged with possession of a dangerous weapon and contraband in violation of correctional facility disciplinary rules. As a result of such charges, a superintendent's proceeding was held on March 26, 1980, and upon a finding of guilt, punishment was imposed. On April 3, 1980, petitioner wrote a letter to Stephen Dalsheim, Superintendent of Ossining Correctional Facil-

ity, attempting to appeal this determination. Two weeks later, on April 17, 1980, petitioner received a reply letter from Superintendent Dalsheim which stated that there was no reason to modify the determination. On July 31, 1980, long after petitioner had served his punishment for the above-mentioned misbehavior, he was again charged with possession of unauthorized material, viz., a $10 bill. Because of the seriousness of the violation, petitioner was confined to a cell, wherein he remained until his release on August 6, 1980. Another superintendent's proceeding was held and the charge against petitioner was sustained. On August 29, 1980, the instant article 78 proceeding was commenced. Special Term dismissed the petition and this appeal ensued. Petitioner contends that Special Term erred in finding that the Statute of Limitations bars review of the first superintendent's proceeding held on March 26, 1980. We disagree. Even assuming, *arguendo,* that a final determination of the first superintendent's proceeding did not occur until petitioner's letter to Superintendent Dalsheim was answered, such a reply was received on April 17, 1980 and the article 78 proceeding was not commenced until August 29, 1980, more than four months thereafter (CPLR 217). Petitioner also argues that he was unlawfully confined to a cell while awaiting the second superintendent's proceeding. It is clear that the Department of Correctional Services regulations permit the confinement of an inmate to a cell when there are "reasonable grounds to believe that an inmate * * * represents an immediate threat to the safety, security or order of the facility" (7 NYCRR 251.6 [a]). We find that such circumstances existed in the instant case. Next, petitioner contends that his confinement in a cell for seven days without a hearing denied him due process of law. While we recognize that a guideline promulgated by the Deputy Commissioner of Corrections may require a superintendent's proceeding be held within seven days of an inmate's detention (see *Powell v Ward,* 542 F2d 101; *Matter of Witherspoon v LeFevre,* 82 AD2d 959), where, as here, petitioner was released from special confinement on the seventh day and, further, a superintendent's proceeding was held as soon as practicable thereafter, we conclude that petitioner was not denied due process of law (see 7 NYCRR 251.6 [a], 252.3 [f]; cf. *Wilkinson v Skinner,* 34 NY2d 53, 59). We have considered petitioner's other arguments and find them to be without merit. Judgment affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Herlihy, JJ., concur.