OPINION OF THE COURT
Edmund L. Shea, J.
Petitioner brings this article 78 proceeding seeking to vacate the disposition of a superintendent’s proceeding and to expunge petitioner’s institutional record accordingly. Petitioner also requests that respondent be prohibited from holding a new superintendent’s proceeding on the basis of these underlying charges and that respondent be ordered to file a sworn statement with the court setting forth in specific detail the measures taken to expunge petitioner’s records.
The underlying charges arise out of incidents involed in a transfer from Green Haven to the Downstate Correctional Facility. On July 31, 1980, petitioner was charged with creating a disturbance, disobeying a direct order and possession of a dangerous weapon. The latter charge stems *374 from the alleged discovery of a knife in petitioner’s locker after he had left Green Haven.
Upon petitioner’s arrival in Green Haven, he was confined in a segregated housing unit. On August 4, 1980, petitioner was brought before an adjustment committee at Downstate, where all the charges against him were confirmed. Petitioner continued to be held in segregated housing pending a superintendent’s proceeding.
On August 6, 1980, the day after petitioner was given formal charges, he was transferred to the Great Meadow Correctional Facility where he remained confined in segregated housing. On August 11, 1980, Captain J. A. Sullivan, from Green Haven, conducted a superintendent’s proceeding at Great Meadow in this matter. Petitioner denied the charges, but nevertheless a disposition of 60 days’ loss of good time, 60 days’ confinement in special housing and loss of some privileges was rendered. These charges were affirmed on administrative appeal.
Petitioner makes four claims, the first two of which were withdrawn at oral argument. The two remaining claims involve an alleged violation of the seven-day rule and the alleged failure of respondent to provide petitioner with adequate employee assistance.
Petitioner argues that he was confined to segregated housing from July 31, 1980, and that he was not given a superintendent’s proceeding until August 11, 1980, a clear violation of the seven-day rule. (See Powell v Ward, 392 F Supp 628, mod 542 F2d 101; Matter of Allison v Wilmot, 101 Misc 2d 632; Cavanaugh v LeFevre, Supreme Ct, Clinton County, June 28, 1980, at pp 7-10 [Shea, J.]; Matter of Deane v Coughlin, 109 Misc 2d 214; Matter of Collins v Coughlin, 83 AD2d 657; Matter of Johnson v Smith,* 83 AD2d 721.)
The Attorney-General argues that two transfers represent adequate exigent circumstances to justify an extension of the normal seven-day time limit. He urges that to hold up a transfer and any scheduling would involve unwarranted and burdensome infringement on the administrative activities of the Department of Correction. This *375 court has previously held that a transfer, which is completely in the control of the Department of Correction, is not .an exigent circumstance which would justify a delay in holding a superintendent’s proceeding. (Cavanaugh v LeFevre, supra.)
The Attorney-General also argues that even if the seven-day rule does apply, the period from July 31, 1980 to August 6, 1980 should not be charged against the running of the rule. He maintains that petitioner would have been confined under transit status even without charges having been made against him. (7 NYCRR 300.3 [b] [1].) It is urged that since petitioner would have been confined because he was in transit status in any event, it cannot be said that he was confined due to the charges against him.
Petitioner, in a personally verified reply affidavit, alleges that he was subjected to a significantly more restrictive confinement during his time at Downstate than were other similarly situated inmates, solely due to the charges against him. He details a list of privileges to which he had access upon his arrival at Downstate as an inmate in transit, all of which were denied him beginning on August 1, 1980, due to the charges against him. Other inmates in transit or reclassification status enjoyed access to these privileges. Respondent has failed to contradict, by the sworn affidavit of a person with knowledge of the facts, petitioner’s proof in this regard.
Respondent, by answer, admits that petitioner was confined to “segregated housing” units during this time period. The Department of Correction’s rules make a distinction between a “special housing” unit (7 NYCRR 300.2 [b]), and a “segregation” unit (7 NYCRR 300.2 [c]), with the latter involving a more restrictive confinement. (7 NYCRR 300.2 [c]; 302.3 [d].) The rule upon which respondent relies for arguing that petitioner’s confinement was the result of his in-transit or reclassification status permits confinement to a special housing unit, not a segregation unit. (7 NYCRR 300.3 [b] [1].)
Both respondent and petitioner have been extremely imprecise in their characterizations of petitioner’s confinement, variously referring to it as “keeplock,” “special confinement,” “segregated housing” or “special housing.” *376 Wherever petitioner was immured and whatever the technical term applied to that unit by the Department of Correction, it is clear from his uncontradicted factual affidavit that petitioner was subjected to a substantially more restrictive confinement than other similarly situated inmates.
The purpose of the seven-day rule is to insure that no inmate is subjected to restrictive segregated confinement for an extended period of time without a formal consideration of the charges upon which such confinement is based. (See Powell v Ward, supra; letter of New York State Commission of Corrections, Oct. 26, 1977, “Re Grievance Cal., #A-883-76.”) Since it is clear on the facts and pleadings before the court that petitioner was confined in more restrictive circumstances due to the charges against him, the court must conclude that petitioner’s confinement from August 1, 1980 to August 11, 1980 violated the seven-day rule.
Given the court’s resolution of the seven-day rule issue, the other contentions raised by petitioner need not be considered.
The petition herein is granted to the extent of vacating the disposition of the superintendent’s proceeding of August 11,1980, and prohibiting respondent from conducting new proceedings based on the underlying misbehavior reports. Respondent is to expunge the relevant records and restore petitioner’s lost good time. There is no reason to require that a statement be filed by respondent detailing the steps taken to fulfill the order to be entered herein in the absence of proof that the order of the court is being disobeyed.

 In Matter of Johnson v Smith the Third Department has held that the Department of Correctional Services has adopted the seven-day rule.