■ In the Matter of RAMON R. PINA, Appellant, v EDWARD. HAMMOCK, as Chairman of New York State Board of Parole, et al., Respondents. — Judgment unanimously affirmed, without costs. Memorandum: The determination of the New York State Board of Parole (Parole Board) was not based upon the guideline range computed on the basis of petitioner's offense severity and prior criminal history scores (see 9 NYCRR 8001.3). It was based upon considerations outside the guidelines and clearly set out the relevant aggravating factors (see 9 NYCRR 8001.3 [c]). Therefore, any error allegedly made in determining the scores which comprise the guideline range is irrelevant (see *Matter of Lynch v Hammock,* 81 AD2d 921; *Matter of Rogers v Hammock,* 100 Misc 2d 280). In any event, even if we were to accept petitioner's method of computation which excludes his youthful offender adjudication and reforma-

tory sentence from the calculation of "prior criminal history", the guideline range of 26-34 months would remain unchanged. Although petitioner wrote to the New York State Division of Parole in Albany concerning the use of his youthful offender adjudication in computing the scores which determined the guideline range established by the Parole Board, he failed to appeal the determination denying his release at the expiration of the court-imposed minimum term of imprisonment (see *Matter of Koupash v Bahou*, 85 AD2d 795). Sections 8006.1 through 8006.4 of title 9 of the Official Compilation of Codes, Rules and Regulations of the State of New York govern appeals from determinations of the Parole Board. Accordingly, petitioner has failed to exhaust his administrative remedies (see *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52). (Appeal from judgment of Supreme Court, Cayuga County, Corning, J. — art 78.) Present — Dillon, P. J., Callahan, Boomer, Moule and Schnepp, JJ.