In the Matter of LLOYD I. PAPERNO, Respondent, v EDWARD HAMMOCK, as Chairman of the New York State Board of Parole, Appellant. — In a proceeding pursuant to CPLR article 78 to (1) compel appellant to furnish petitioner with a statement of the reasons for denial of his application for conditional release, or (2) in the alternative, to compel him to grant that application, the appeal is from a judgment of the Supreme Court, Bronx County (Kent, J.), dated September 28, 1983, which granted the petition to the extent that appellant was ordered to furnish petitioner with a statement of the essential facts underlying the denial of his application for conditional release. By order dated November 3, 1983, the Appellate Division, First Department, transferred the instant appeal to this court. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. Petitioner was sentenced to a one-year term of imprisonment upon a plea of guilty to criminal contempt in the first degree. An undisclosed member of the Board of Parole denied his application for conditional release based on the seriousness of his criminal conduct, to wit, as an officer of the court, petitioner "refused to give testimony before the Grand Jury concerning corruption and wrongdoing * * * It is felt that to further ameliorate the sentence of one year would tend to deprecate the gravity of his conduct". Petitioner brought this proceeding seeking, *inter alia*, a more particularized statement of the reasons for denial of his application. Special Term granted the petition to the extent that appellant was directed to furnish petitioner with a statement of the essential facts underlying the denial of his application for conditional release. It held that the seriousness of the crime was an insufficient reason to deny the application and that appellant had failed to satisfy the statutory mandate of section 259-i (subd 2, pars [a], [c]) of the Executive Law. We reverse. Section 259-i (subd 2, par [c]) of the Executive Law applies to applications for parole release only, and is designed to protect due process rights distinct from those afforded to conditional release applicants. Applications for conditional release are less likely to be granted than applications for parole release and, therefore, a conditional release applicant has a lesser expectation of liberty (*Zurak v Regan,* 550 F2d 86, cert den 433 US 914). Furthermore, a conditional release applicant's sentence is generally shorter than that of a parole applicant, and, therefore,

the conditional release applicant usually has less at stake (*Zitrak v Regan, supra,* pp 93-94). Moreover, throughout the New York statutory scheme, the Legislature clearly distinguishes between the conditional release program and the parole release program (Executive Law, art 12-B). The granting of a conditional release is governed by section 259-g of the Executive Law, while the guidelines for granting a parole release are embodied in section 259-i (subd 2, par [c]) of the Executive Law. Section 70.40 of the Penal Law sets forth different requirements for conditional release and parole release. In any event, statements similar to that issued by a member of the Board of Parole in the case at bar have even been deemed sufficient to deny applications for parole release (see, e.g., *Matter of Shapiro v Hammock,* 67 AD2d 713, mot for lv to app den 47 NY2d 710; *Matter of Consilvio v New York State Bd. of Parole,* 57 AD2d 955). Additionally, such statements have been found sufficient to uphold the board's imposition of a minimum period of incarceration in excess of one third of the maximum (see *Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69). Petitioner has failed to establish that the exercise of discretion by the member of the board was irrational or bordered on impropriety. In the absence of such a showing, this court must respect the determination of the member of the board (see *Matter of Russo v New York State Bd. of Parole, supra*). Mangano, J. P., Weinstein, Brown and Boyers, JJ., concur.