■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES LINARES, Appellant, v STEPHEN DALSHEIM, as Warden of New York Department of Correctional Services, et al., Respondents. — In a habeas corpus proceeding to obtain the release from incarceration of the petitioner on the ground that he had not been accorded a timely preliminary parole revocation hearing, which application was designated by Special Term as a CPLR article 78 proceeding to set aside the Parole Board's determination to revoke his parole, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Nicolai, J.), entered June 22, 1983, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

If the petition is treated as instituting an article 78 proceeding to review and set aside the Parole Board's determination to revoke petitioner's parole, the proceeding is barred by the four-month Statute of Limitations (CPLR 217; see *Matter of Menechino v Division of Parole,* 32 AD2d 761, affd 26 NY2d 837; *Matter of Soto v New York State Bd. of Parole,* 107 AD2d 693). Although this proceeding would not be time barred if designated a habeas corpus proceeding (see *People ex rel. Menechino v Warden,* 27 NY2d 376), the remedy of habeas corpus is not available to this petitioner because he will not be entitled to immediate release as he is now incarcerated due to a subsequent felony conviction, which also served as the basis for one of the parole violation charges lodged against him (see *People ex rel. Mendolia v Superintendent, Green Haven Correctional Facility,* 47 NY2d 779; *People ex rel. Collier v Superintendent of Green Haven Correctional Facility,* 72 AD2d 612).

Furthermore, by waiving, on November 3, 1981, his right to a preliminary parole revocation hearing, petitioner effectively waived his right to challenge the Board's alleged failure to afford him a timely preliminary hearing as well as his right to relief in consequence of its failure to do so (see *People ex rel. Miller v Walters*, 60 NY2d 899; *People ex rel. Hatterson v Walters*, 100 AD2d 978). Accordingly, the proceeding was properly dismissed. Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.