■ In the Matter of MUZAFFAR SA'ID ABDULLAH, Appellant, v EDWARD R. HAMMOCK, as Chairman of the New York State Division of Parole, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent State Division of Parole which, after a hearing, set petitioner's minimum period of imprisonment, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Nicolai, J.), dated May 27, 1983, which, *inter alia,* dismissed the proceeding, apparently as untimely.

Judgment affirmed, without costs or disbursements.

On January 19, 1978, after a nonjury trial, petitioner was convicted of manslaughter in the first degree and given an indeterminate sentence of zero to fifteen years under Penal Law

§ 70.00 (3) (b) (subsequently amended by L 1980, ch 873, § 1, eff Sept. 1, 1980). After several hearings and court actions, the Parole Board set petitioner's minimum period of imprisonment at nine years. This decision was based on the seriousness of the crime, the circumstances surrounding the crime, and petitioner's criminal history. The determination was affirmed by the Appeals Unit on or about September 23, 1982. Petitioner commenced this article 78 proceeding on or about March 28, 1983. Special Term dismissed the proceeding, apparently as untimely, and this appeal ensued.

The determination of the Parole Board having become final and binding on or about September 23, 1982 (*Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832), petitioner failed to commence this proceeding in a timely fashion (*see,* CPLR 217; *Matter of Collins v Coughlin,* 83 AD2d 657). Therefore, Special Term was correct in dismissing the petition.

Were we to reach the merits, we would conclude that the court's interference with the Parole Board's determination is unwarranted since there was no showing of "irrationality bordering on impropriety" on the part of the board (*Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77). Gibbons, J. P., Weinstein, Brown and Niehoff, JJ., concur.