◼ The People of the State of New York ex rel. James Cotton, Appellant, v Ramon J. Rodriquez, Respondent.—In a habeas corpus proceeding, which Special Term converted into a proceeding pursuant to CPLR article 78, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Isseks, J.), entered January 17, 1985, which dismissed the proceeding on the ground the petitioner had failed to exhaust available administrative remedies. The appeal brings up for review, pursuant to CPLR 5517 (b), so much of a subsequent order of the same court, entered April 23, 1985, as, upon renewal and reargument, dismissed the proceeding as time barred.

Appeal from the judgment dismissed, without costs or disbursements. The judgment was superseded by the order entered April 23, 1985.

Order entered April 23, 1985, affirmed insofar as reviewed, without costs or disbursements.

Although this proceeding would not be time barred if designated a habeas corpus proceeding *(see, People ex rel. Menechino v Warden,* 27 NY2d 376), the remedy of habeas corpus is not available to this petitioner because he will not be entitled to immediate release as he is now incarcerated due to a subsequent felony conviction, which also served as the basis for one of the parole violation charges lodged against him *(see, People ex rel. Mendolia v Superintendent,* 47 NY2d 779; *People ex rel. Linares v Dalsheim,* 107 AD2d 728). If the proceeding is treated as an application pursuant to CPLR article 78 to review and set aside the determination of the New York State Division of Parole to revoke the petitioner's parole, the proceeding is barred by the four-month Statute of Limitations

(CPLR 217; *People ex rel. Linares v Dalsheim, supra; Matter of Abdullah v Hammock,* 111 AD2d 753, 754; *Matter of Soto v New York State Bd. of Parole,* 107 AD2d 693, *affd* 66 NY2d 817). The period of limitation commenced to run on the date the determination of the Division became final and binding *(see, Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832; *Matter of Abdullah v Hammock, supra,* at p 754), which occurred on or about January 2, 1981, when the petitioner undisputedly received notice that his administrative appeal had been dismissed for failure to timely perfect. Since this proceeding was not commenced until September 1984, Special Term properly dismissed it as time barred.

In any case, by having failed to exhaust available administrative remedies *(see,* Executive Law § 259-i [4]; 9 NYCRR 8006.1, 8006.2 [a]; 8006.3 [b] [2]), the petitioner is barred from seeking relief under CPLR article 78 *(see, Matter of Pina v Hammock,* 89 AD2d 799; *cf. Matter of Flemming v Cagliostro,* 53 AD2d 187, 189). Brown, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.