■ In the Matter of BENJAMIN HUNTER, JR., Also Known as MOLIKI EMERSON, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Beisner, J.), entered November 1, 1985 in Dutchess County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent revoking petitioner's parole.

On January 28, 1983, petitioner was served with a parole violation warrant and advised that a preliminary parole revocation hearing was scheduled for February 4, 1983. Petitioner, who was then being held on an unrelated charge, was not produced at either the first preliminary hearing or at the rescheduled hearing on February 9, 1983. At a third preliminary hearing, held on February 23, 1983, petitioner appeared and probable cause was found.

Subsequently, petitioner commenced a habeas corpus proceeding in Supreme Court, Kings County, claiming that he was not provided with a preliminary hearing within 15 days of the execution of the warrant as required by Executive Law § 259-i (3) (c) (i). Petitioner was assigned counsel for that proceeding. Supreme Court then denied the habeas corpus petition and petitioner's counsel allegedly assured him that a notice of appeal would be filed.

In May 1983, petitioner appeared with his assigned counsel

at a final revocation hearing and requested an adjournment in order to locate a witness. When the witness could not be produced, petitioner apparently waived a final hearing and was notified two months later that his parole had been revoked. Petitioner's counsel again allegedly assured him that the determination would be appealed.

Upon learning that the decision and order in the habeas corpus proceeding had not been appealed, petitioner commenced the instant CPLR article 78 proceeding in August 1985. In this proceeding, petitioner challenges the revocation of his parole upon the grounds that he was denied a timely preliminary hearing and that his counsel's failure to appeal the denial of his habeas corpus petition and the revocation of his parole constituted ineffective assistance of counsel. Respondent moved to dismiss the petition, asserting, *inter alia,* that it was barred by the Statute of Limitations. Supreme Court then dismissed the petition on its merits without addressing the Statute of Limitations defense. This appeal by petitioner ensued.

We affirm. The instant proceeding, commenced roughly two years after petitioner received notice of the determination revoking his parole, is clearly barred by the four-month Statute of Limitations *(see,* CPLR 217; *Matter of Menechino v Division of Parole,* 26 NY2d 837, 838; *People ex rel. Cook v Mantello,* 136 AD2d 891, 891-892; *People ex rel. Cotton v Rodriquez,* 123 AD2d 338, 338-339). Despite petitioner's argument to the contrary, the existence of the constitutional question raised by his ineffective assistance of counsel claim does not warrant a different result *(see, Matter of Menechino v Division of Parole, supra,* at 838, *affg* 32 AD2d 761, *revg* 57 Misc 2d 865). Further, we decline to convert this proceeding to a habeas corpus proceeding, thereby evading the effect of the Statute of Limitations *(see,* CPLR 103 [c]; *Matter of Menechino v Division of Parole,* 32 AD2d 761, 762, *affd* 26 NY2d 837, *supra),* since it is unclear from the record whether the remedy of habeas corpus is available to petitioner. However, our decision is without prejudice to the commencement of any other proceeding which petitioner may be advised to institute *(see, Matter of Menechino v Division of Parole,* 26 NY2d 837, 838, *supra).*

Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.