OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with *884 costs, the petition granted, and the parole violation charges dismissed.
Petitioner commenced this article 78 proceeding to vacate parole violation charges lodged against him. Although the alleged violations occurred in 1973, no final revocation hearing had been held at the time this proceeding was instituted in 1977. However, a parole eligibility hearing on a new conviction was conducted earlier in 1977, more than four years after the alleged parole violations. The question is whether the eligibility hearing renders academic the failure to hold a final revocation hearing.
Preliminarily, the appeal is not moot, contrary to respondent’s contention. The impact of the parole violation charges does not end with petitioner’s release from prison, but may continue to affect matters such as the maximum parole expiration date. Thus, the relief sought in this article 78 proceeding might well lead to an earlier termination of parole supervision.
- On the merits, we agree that the failure to hold a timely revocation hearing requires dismissal of the parole violation charges (Matter of Piersma v Henderson, 44 NY2d 982; People ex rel. Walsh v Vincent, 40 NY2d 1049). That a parole eligibility hearing was eventually conducted is irrelevant. Due to its different nature and scope, the eligibility hearing could not serve as a substitute for the final revocation hearing. To the extent that the memorandum in People ex rel. Schmidt v La Vallee (39 NY2d 886) may be interpreted as holding otherwise, it is disapproved.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.