■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT S. MESSNER, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent.—Judgment, as amended, unanimously affirmed. Memorandum: Relator was convicted of kidnapping in Nassau County on January 15, 1973 and sentenced to 3⅓ to 12 years imprisonment. He was paroled on March 26, 1976. He was again convicted in Nassau County on October 13, 1978 of assault second degree, and sentenced to 2 to 4 years to run concurrently with the prior sentence. He was then charged with violation of his parole by reason of his assault conviction; but for failure of the Parole Board to accord him a final revocation hearing within 90 days as provided by statute, Supreme Court, Wyoming County, nullified his parole violation. When relator appeared before the Parole Board in March, 1979 for parole release consideration, parole was denied and he was held for two years before further consideration of parole. Relator then instituted this proceeding, asserting that under section 70.30 (subd 1, par [a]) of the Penal Law, his second sentence merged into the first: that his minimum sentences have been served; and that because the parole violation charge was dismissed, he is entitled to immediate release on parole under the maximum period of his first sentence. Special Term disagreed with relator's contention and dismissed his petition and writ. We agree. To accept relator's contention would eliminate the maximum of his second sentence, and exclude it from consideration by the Parole Board in its discretion in passing on relator's application for parole release. We conclude that in enacting section 70.30 of the Penal Law the Legislature did not intend such result. (Appeal from judgment of Wyoming Supreme Court—habeas corpus.) Present—Simons, J. P., Hancock, Jr., Callahan, Witmer and Moule, JJ.