In the Matter of LEROY C. GOODEN, Appellant, v EDWARD R. HAMMOCK, as Chairman of the New York State Board of Parole, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the respondent, Chairman of the New York State Board of Parole, to vacate a parole violation detainer warrant and to restore petitioner to parole, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated September 8, 1979, which dismissed his petition as academic. Judgment reversed, on the law, without costs or disbursements, petition granted, with prejudice, to the extent that Parole Violation Detainer Warrant No. 51521 is vacated and upon the expiration of the sentences petitioner is now serving he shall be released on parole status with respect to the prior sentences imposed in 1963 and 1964 by the Supreme Court, Queens County, and the Supreme Court, New York County, respectively. The parole eligibility hearings, heretofore afford the petitioner, denying parole in relation to the sentences imposed upon him in 1976 and 1977, which he is now serving by virtue of judgments of conviction rendered in the Supreme Court, Queens County, and the Supreme Court, Westchester County, respectively, cannot serve as a substitute for a final parole revocation hearing (see *Lindsay v New York State Bd. of Parole,* 48 NY2d 883). The rule, as stated in *People ex rel. Schmidt v La Vallee* (39 NY2d 886), upon which Special Term relied in holding that the parole eligibility hearings held in relation to subsequent sentences, rendered the failure to hold a final parole revocation hearing academic, was thereafter disapproved in *Lindsay v New York State Bd. of Parole (supra).* Where, as here, the petitioner was at all times "within the convenient and practical control of the parole authorities," a prompt final

revocation hearing was required (see *Matter of Higgins v New York State Div. of Parole,* 72 AD2d 583). The failure to provide a final parole revocation hearing at any time since the petitioner was declared a delinquent in 1976 was prejudicial and constituted a denial of his constitutional rights (see *Morrissey v Brewer,* 408 US 471, 488; *Matter of Piersma v Henderson,* 44 NY2d 982). Respondent's claim that petitioner has failed to exhaust available administrative remedies is without merit since there was a failure to provide a final parole revocation hearing, and therefore no final determination was ever made by the Parole Board requiring such preliminary administrative review. Damiani, J. P., Gibbons, Gulotta and Weinstein, JJ., concur.