■ In the Matter of CARL DE FLUMER, JR., Respondent, v NEW YORK STATE BOARD OF PAROLE et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the appellants to restore petitioner to parole status, the appeal, as limited by the appellants brief, is from so much of a judgment of the Supreme Court, Westchester County, dated August 30, 1978, as determined the maximum expiration date of petitioner's subsequent concurrent sentence to be in 1984. Judgment modified, on the law, by deleting therefrom the provision determining the maximum expiration date of petitioner's subsequent concurrent sentence to be in 1984 and substituting therefor a provision determining the maximum expiration date to be November 9, 1996 with a credit of 274 days to be deducted from such date for time the petitioner spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence (Penal Law, § 70.30, subd 3). As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. As Special Term properly determined, by reason of appellants' failure to provide a prompt parole violation hearing, the petitioner is entitled to be restored to parole status on his prior sentence of 20 years to life imposed in 1947 *(Matter of Piersma* v *Henderson,* 44 NY2d 982). However, such parole status shall not commence until the petitioner's subsequent concurrent sentence of 10 to 20 years, imposed in 1976, has been satisfied by the discharge of such term of imprisonment (see *People ex rel. Messner* v *Smith,* 74 AD2d 735, mot for lv to app den 49 NY2d 707; *People ex rel. Anderson* v *Harris,* 78 AD2d 666; *Matter of Gooden* v *Hammock,* 78 AD2d 639). In computing the maximum expiration date of the term of imprisonment of such subsequent concurrent sentence, Special Term improperly failed to treat the commencement of such term as the date when the petitioner was received in a State correctional facility under such sentence (see Penal Law, § 70.30, subd 1, par [a]). Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.

■ In the Matter of the Estate of BERNARD MEHL, Deceased. DAVID T. BERMAN, Appellant; ANNETTE SCHNUR, Respondent.—In a proceeding pursuant to SCPA 2110 for the determination of counsel fees for services rendered to a decedent's estate, the former attorney appeals from (1) an order of the Surrogate's Court, Suffolk County, dated March 24, 1980, which, *inter alia,* determined the proposed issues for trial and (2) a further order of the same court, dated April 9, 1980, which denied appellant's application for an order framing the issues for trial in accordance with his proposed counterorder. Orders affirmed, without costs or disbursements. We perceive no error in the Surrogate's framing of the limited issues for trial in this proceeding pursuant to SCPA 2110 for the fixation of counsel fees (see, also, 22 NYCRR 1830.27). Mangano, J. P. Gibbons, Gulotta and O'Connor, JJ., concur.