OPINION OF THE COURT
Richard L. Price, J.
This CPLR article 78 proceeding, brought by petitioner landlords to annul a “Correcting Order” of the respondent Commissioner, is hereby dismissed, in all respects.
In their verified petition petitioners Bernard, and Burke seek to annul a “Correcting Order” of respondent Joy issued November 1,1983. The “Correcting Order” modified a prior order dated March 10, 1983, which order was issued pursuant to petitioners’ request for reconsideration of an even earlier order, dated March 4, 1982.
Petitioners object to respondent Joy’s “Correcting Order” on the grounds of lack of jurisdiction. Petitioners maintain that the March 10, 1983 order was a final order, followed by an unsuccessful article 78 proceeding brought in protest thereof, that may be modified or revoked by the respondent only prior to the commencement of an article 78 proceeding thereon, and in the event of “illegality, irregularity in vital matters, or fraud.” (New York City Rent and Eviction *402 Regulations, § 103, subd a.) Respondent, on the other hand, argues that where the error sought to be corrected is clerical in nature, it possesses not only the right but the obligation to correct its order.
This court finds (and indeed is presented with no opposing argument) that the error complained of is clerical in nature. To begin with, the issuing agency itself, respondent Joy, states uncategorically that the notation of April 28, 1982, as the applicable effective date was not what he intended. Additionally, the original order (the one issued March 4, 1982) clearly noted April 28, 1980 as the date in reference to which the protest was lodged. Finally, simple common sense exposes the necessarily ridiculous position taken by petitioners in pressing the clearly erroneous April 28, 1982 date — a date which possesses no basis or significance in this protracted litigation.
Neither section 103 of the New York City Rent and Eviction Regulations nor ostensibly supportive case law prohibit an administrative entity from correcting an obvious, admitted clerical error contained in an order. This is an issue of apparent first impression — this case does not involve merely an attempt by an administrative agency to “change its mind”, reconsider the facts, or adjust its judgment. The public policy reasons which underlie statutory rule such as section 103 (the desire to establish finality in “litigation” and protect other due process interests) are not served by prohibiting an administrative agency from correcting simple clerical, typographical errors. This is especially true where all the parties involved know that the agency has committed such an error.
Petitioner’s suggestion that the error is not “typographical” because it affects substantive rights (in that it makes petitioners liable for a longer period of rent overcharge) is absurd. Whether the error affects petitioners’ rights is irrelevant; the nature of the error is typographical/clerical — that petitioners knew of the error and have tried in every way to benefit from this unfortunate mistake is beyond dispute. They may not now claim “prejudice” simply because the necessary correction puts them where they belonged to begin with.
*403 Petitioners should further note that the court in Matter of Breeding v Weaver (13 Misc 2d 417, 420), cited by petitioners in support of this application, states: “The claimed error was obviously not a mere typographic one which might, in a proper case, warrant administrative correction.”
This court finds this case to be such a proper case. Petition dismissed.