■ In the Matter of A. G. ODELL, INC., et al., Petitioners, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Health which sustained a civil penalty against petitioners for repeatedly violating the Public Health Law.

Over a period of approximately two years, petitioners, a small local pharmacy and its owner, admittedly disregarded statutory and regulatory provisions for prescribing controlled substances. In particular, in contravention of subdivision 1 of section 3304 of the Public Health Law, they refilled 36 oral prescriptions a total of 124 times without obtaining written authorizations from the prescribing practitioners. By also omitting the addresses and Federal Drug Enforcement Administration registration numbers of the physicians requesting those 36 prescriptions, petitioners further breached 10 NYCRR 80.70 (a) (1). Each of these violations is punishable by a civil fine of up to $1,000 (Public Health Law, § 12, subd 1). Additionally, petitioners failed to prepare a required biennial inventory of controlled substances in 1981. After a hearing in which petitioners appeared *pro se,* the administrative law judge recommended a $13,000 fine ($75 for each of the 160 violations; $1,000 for failure to file the mandatory inventory report) and respondent adopted that recommendation. There being substantial evidence to support the administrative determination, the only issue meriting comment in this CPLR article 78 proceeding is whether the fine imposed is excessive.

Only those administratively imposed civil penalties which are " ' "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" ' " are to be set aside (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). That has not occurred here.

While it is true that all but two of the 160 violations involved prescriptions for patients at a community nursing home, the violations are not insignificant; they are both substantial in number and range over a considerable period of time. Concededly, there is no indication that petitioners intended to illegally divert controlled substances or any allegation, let alone evidence, that the improperly dispensed drugs fell into unsuitable hands. Nevertheless, given the magnitude of the problem of drug abuse (the Department of Health considers it to be the most significant health problem confronting this State's residents), and the fact that New York's drug prevention program must

have the cooperation of pharmacists if it is to be successful because of the key role they play in distributing controlled substances, a pharmacist's indifference to inventory and reporting requirements respecting these substances cannot be tolerated. Penalizing petitioners will not only deter them from similar conduct in the future, but it will also have the salutary effect of alerting other pharmacists to their responsibilities in this area (see *Matter of S. & J. Pharmacies v Axelrod,* 91 AD2d 1131).

Determination confirmed, and petition dismissed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.