■ In the Matter of RAUL SOTO, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondents dated December 7, 1978, revoking petitioner's parole, petitioner appeals from a judgment of the Supreme Court,

Dutchess County (Aldrich, J.), dated August 2, 1982, which dismissed the petition as time barred.

Judgment affirmed, without costs or disbursements.

Petitioner was originally sentenced on September 9, 1975 to an indeterminate term of imprisonment of one year to life. This sentence was later reduced on September 11, 1979 to a term of 1 to 5 years. On September 30, 1976, petitioner was paroled, but on May 24, 1978 was declared delinquent as of February 15, 1978, owing to several parole violations, i.e., failure to make office reports, failure to notify his parole officer of the termination of his employment, and leaving his residence program without the parole officer's approval. On May 9, 1978, petitioner was arrested on a new criminal charge and subsequently was indicted thereon. On June 9, 1978, petitioner waived his right to a preliminary parole revocation hearing. Thereafter, on December 1, 1978, petitioner was sentenced to a term of imprisonment of 7½ to 15 years on the criminal charge for which he was arrested on May 9, 1978.

On December 7, 1978, after several adjournments, petitioner received his final parole revocation hearing and his parole was revoked.

The instant petition, filed in 1982, alleged that (1) petitioner's final parole revocation hearing, which took place on December 7, 1978, was untimely, in that it was not scheduled within 90 days of his waiver of the preliminary parole revocation hearing (see Executive Law, § 259-i, subd 3, par [f], cl [i]) and (2) vacatur of the parole violation warrant was therefore required.

In opposition to the petition the respondents alleged, as an affirmative defense, that the petition was time barred by reason of the four-month Statute of Limitations contained in CPLR 217.

Special Term dismissed the petition based on the four-month Statute of Limitations defense interposed by the respondents.

We affirm.

It is beyond cavil that vacatur of a parole violation warrant and reinstatement of parole is the appropriate remedy for an untimely final parole revocation hearing (*People ex rel. Levy v Dalsheim,* 66 AD2d 827, affd 48 NY2d 1019).

Accordingly, a habeas corpus proceeding is generally the appropriate vehicle to review parole revocation proceedings including the issue of whether a parolee has been denied his right to a prompt final parole revocation hearing (see *People ex rel. Levy v Dalsheim, supra; People ex rel. Menechino v Warden,* 27 NY2d 376, 379; *People ex rel. Walker v New York State Bd. of Parole,* 98 AD2d 33; *People ex rel. Kellams v Henderson,* 58 AD2d 1022; *People ex rel. South v Hammock,* 80 AD2d 947).

However, it is also well established "that the remedy of habeas corpus is available only to one who is entitled to immediate release from the custody he is challenging" (*People ex rel. Malinowski v Casscles,* 53 AD2d 954, mot for lv to app den 40 NY2d 809; *People ex rel. South v Hammock, supra*). Since petitioner stands convicted pursuant to a judgment rendered December 1, 1978, which petitioner acknowledges in his petition (1) is not being challenged in any way and (2) "serves as an independent basis for [his] present incarceration", it is clear, and petitioner's counsel so concedes in his brief, that, at this juncture, a habeas corpus proceeding would be premature and that a timely article 78 proceeding would be the proper vehicle to test the legality of respondents' revocation of petitioner's parole (*People ex rel. South v Hammock, supra; Matter of Piersma v Henderson,* 44 NY2d 982; *Matter of Smith v Chairman of New York State Bd. of Parole,* 44 NY2d 982).

However, Special Term was correct in dismissing the instant article 78 proceeding as time barred by the appropriate Statute of Limitations. In *Matter of Menechino v Division of Parole* (26 NY2d 837, 838), the Court of Appeals held that an article 78 proceeding commenced in July, 1968 to review a revocation of parole in May, 1965 was "barred by the four-months period of limitation prescribed" by CPLR 217.

Moreover, *Matter of Menechino v Division of Parole (supra)* cannot be distinguished, as the dissent suggests, on the ground that the petitioner therein sought review of a purely discretionary act, i.e., the revocation of parole, rather than the performance of a duty enjoined upon the Parole Board by section 259-i (subd 3, par [f], cl [i]) of the Executive Law. In *Matter of Menechino (supra)*, petitioner alleged in an article 78 proceeding that the State Board of Parole's discretionary determination revoking his parole was improper due to the Board's failure to comply with the mandates of due process, i.e., it failed to afford him counsel at his final parole revocation hearing.

In this regard, *Matter of Menechino (supra)* is indistinguishable from the case at bar where petitioner simply alleges in an article 78 proceeding that the Board's discretionary determination revoking his parole was improper due to the Board's failure to comply with the mandate of the Executive Law regarding the timeliness of his final parole revocation hearing.

The decision of the Appellate Division, Third Department, in *Matter of Kenny v Loos* (286 App Div 97) and that of the Court of Appeals in *Lindsay v New York State Bd. of Parole* (48 NY2d 883), cited by the dissent, do not involve article 78 proceedings to review determinations revoking parole, and are therefore irrelevant to the case at bar.

Accordingly, the article 78 proceeding commenced herein over three years after the respondents' revocation of petitioner's parole, must be dismissed as barred by the four-month period of limitation prescribed by CPLR 217 (*Matter of Menechino, supra*). Mangano, Thompson and Lawrence, JJ., concur.

Mollen, P. J., dissents and votes to reverse the judgment appealed from, and remit the matter to the Supreme Court, Dutchess County, for an adjudication of the merits, with a memorandum, in which Titone, J., concurs.

The question presented on this appeal is whether the petitioner's CPLR article 78 proceeding was barred by CPLR 217, which prescribes the time within which a proceeding against a body or officer must be commenced. Special Term and a majority of this court have concluded that the proceeding was time barred. This conclusion requires the petitioner to wait until he completes his sentence of 7½ to 15 years, imposed in an unrelated case, before he can again present the same claim pursuant to a writ of habeas corpus concerning the validity of the revocation of his parole — a claim which clearly appears to be meritorious. I disagree with Special Term and a majority of this court and therefore vote to reverse.

Section 259-i (subd 3, par [f], cl [i]) of the Executive Law provides: "Revocation hearings shall be scheduled to be held within ninety days of the probable cause determination. However, if an alleged violator requests and receives any postponement of his revocation hearing, or consents to a postponed revocation proceeding initiated by the board, or if an alleged violator, by his actions otherwise precludes the prompt conduct of such proceedings, the time limit may be extended."

In *People ex rel. Levy v Dalsheim* (66 AD2d 827, affd 48 NY2d 1019 on mem at App Div), this court ordered that the relator be restored to parole because of the failure to schedule a final parole revocation hearing within the time prescribed by the quoted section of the Executive Law. We explained (pp 827-828): "Though there is an absence of legislative history on the question of whether the statute is to be strictly construed or to be considered merely as a guideline, the language clearly indicates that the legislative intent was to create a time period beyond which any delay was unreasonable per se. Prior to the enactment of the above statute, courts generally made *ad hoc* determinations on the 'reasonableness' of the delay * * * The statute, however, now makes clear that a delay beyond 90 days after the probable cause determination is unreasonable per se (unless the exceptions provided for in the statute are applicable). Although the statute does not specify a remedy, it seems clear to this court

that vacatur of the warrant and reinstatement of parole is the only appropriate remedy * * * To merely order a hearing within a specified time would render the 90-day limit a nullity" (accord *Matter of Garland v New York State Div. of Parole*, 86 AD2d 848; *People ex rel. Herrera v Schager*, 93 AD2d 847; *People ex rel. Vega v New York State Div. of Parole*, 96 AD2d 605). Thus, the New York State Board of Parole is statutorily obligated to schedule a final parole revocation hearing within 90 days of the probable cause determination. The failure to schedule such a hearing within the statutorily prescribed time will ordinarily result in the vacatur of the warrant and reinstatement of parole.

There is no disagreement among the members of this court that, based on the record before us, the petitioner was not afforded a final parole revocation hearing within the time prescribed by the Executive Law. Nor is there any disagreement among us that the petitioner commenced this proceeding more than four months after the respondent Parole Board revoked the petitioner's parole, and the respondent clerk computed the petitioner's sentence on the basis of the revocation. The issue which divides us concerns the applicability of the Statute of Limitations set forth in CPLR 217.

CPLR 217 in relevant part provides: "Unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner or the person whom he represents in law or in fact, or after the respondent's refusal, upon the demand of the petitioner or the person whom he represents, to perform its duty". Although the statute is written in mandatory language, the law has long recognized that the Statute of Limitations will not foreclose CPLR article 78 review where the claim is that respondent has failed to perform a continuing constitutional or statutory duty imposed upon a public body or officer (see *Matter of Grossman v Rankin*, 43 NY2d 493, 506; *Matter of Cash v Bates*, 301 NY 258, 261; *Matter of Kenny v Loos*, 286 App Div 97, 99; *Parsons v Department of Transp.*, 74 Misc 2d 828, 830-831 [Lazer, J.]; *People ex rel. Henderson v Casscles*, 66 Misc 2d 492, 496-497).

In my view, section 259-i (subd 3, par [f], cl [i]) of the Executive Law imposes a continuing statutory duty on the Board to restore an alleged parole violator to parole if the Board has failed to schedule a final parole revocation hearing within the time required by law and the statutory exceptions do not apply. The record in the case at bar adequately demonstrates that, insofar as the petitioner is concerned, the statutory mandate has

not been satisfied. That the respondent Board conducted a hearing subsequent to the 90-day period is of no legal significance under the circumstances presented herein (see *People ex rel. Levy v Dalsheim, supra*).

*Matter of Kenny v Loos (supra)* is not unlike the case at bar and, indeed, supports reversal. In *Kenny,* the petitioner appealed from an order of Special Term dismissing an article 78 proceeding in which the petitioner sought an order annulling the Board of Parole's determination requiring the petitioner to serve the remainder of an unexpired sentence pursuant to the Correction Law. In November, 1945, Henry Kenny, who had pleaded guilty to robbery in the second degree, was sentenced to an indeterminate term of imprisonment of 4 to 15 years. Kenny was then 18 years old, and, as such, was committed to the Elmira Reception Center for classification and confinement; he was subsequently transferred to Elmira Reformatory where he remained for a period of two years and eight months, after which he was released on parole (*Matter of Kenny v Loos, supra,* p 99).

While on parole, the petitioner committed the crime of attempted robbery in the third degree. He pleaded guilty to the crime, and, in October, 1948, he was sentenced to prison. In November, 1948, Kenny was advised by the Board of Parole that before commencing his sentence on the attempted robbery conviction he would have to serve 10 months on the first sentence. In July, 1949, Kenny was notified that the Board had rescinded the prior determination and that he would be required to serve the whole of the unexpired balance of the maximum of his first sentence before commencing service of the second sentence (*Matter of Kenny v Loos, supra,* p 99).

Some 4½ years later, Kenny sought article 78 review of the Board's second determination. Special Term dismissed the proceeding on the ground that it was not timely commenced. Addressing the timeliness issue, Justice Halpern stated (*Matter of Kenny v Loos, supra,* p 99): "We do not believe that, in the situation here presented, the two-year statute bars the proceeding. The confinement of the petitioner under the Parole Board's determination was a continuing one and, correspondingly, the Parole Board was under a continuing duty to determine correctly the duration of the prisoner's confinement in accordance with the applicable statutes * * * Neither can it be said that the application was barred because of laches, in the absence of a showing of prejudice by reason of the delay". I am unable to perceive any reason why the result should be different in the case at bar.

Similarly, in *Lindsay v New York State Bd. of Parole* (48 NY2d 883), the Court of Appeals reviewed petitioner's claim in an article 78 proceeding that he was not accorded a timely parole revocation hearing, notwithstanding the fact that the proceeding was commenced some five years after the parole violations were alleged to have occurred. Though a distinction may be drawn between *Lindsay* and the case at bar in that the petitioner in *Lindsay* never had a final parole revocation hearing and the petitioner herein was accorded such a hearing after the 90-day period had expired, the distinction, in my view, is of no legal significance within the context of this case (see *People ex rel. Levy v Dalsheim, supra,* p 828).

Special Term's and the majority's reliance on *Matter of Menechino v Division of Parole* (26 NY2d 837) is misplaced and manifests a fundamental misapprehension of what the petitioner is seeking in this proceeding. Simply stated, what the petitioner sought in *Menechino* was review of a purely discretionary act (the revocation of parole) after the four-month Statute of Limitations (CPLR 217) had run (see *People ex rel. Henderson v Casscles,* 66 Misc 2d 492, 497, *supra*). In the present proceeding, the petitioner does not seek review of a discretionary act but, rather, seeks the performance of a duty enjoined upon the Parole Board by section 259-i (subd 3, par [f], cl [i]) of the Executive Law.

Accordingly, I would reverse Special Term's judgment dismissing the petition.