THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES FRISBIE, Appellant, v EDWARD R. HAMMOCK, as Chairman of the Board of Parole, et al., Respondents.—Judgment unanimously affirmed. Memorandum: Relator appeals from a judgment dismissing his petition for a writ of habeas corpus. Relator's parole was revoked based upon a finding that he violated two special conditions imposed upon him by his parole officer. Relator claims that the Board of Parole has the sole responsibility to set the conditions of release and that any attempt to delegate its responsibility to a parole officer is invalid as a matter of law.

Since relator is currently being held in custody on a pending unrelated criminal charge, habeas corpus relief is inappropriate (*see, People ex rel. Mendolia v Superintendent,* 47 NY2d 779). Relator's proper procedural remedy is a CPLR article 78 proceeding and we thus convert the petition accordingly (*see, People ex rel. Brown v New York State Dept. of Correctional Servs.,* 67 AD2d 1108, *lv denied* 47 NY2d 707; *People ex rel. Perrello v Smith,* 47 AD2d 106, 108; *see also,* CPLR 103 [c]).

Although relator was released on parole on January 18, 1985 and reincarcerated on March 21, 1985 on an unrelated charge, this appeal is not moot because the impact of the parole violation charges may continue to affect matters such as relator's maximum parole expiration date (*see, Lindsay v New York State Bd. of Parole,* 48 NY2d 883, 884), and because the issue presented on this appeal is important and likely to recur and often may be incapable of timely review (*see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715).

Turning to the merits, we are not persuaded by relator's argument that a parole officer may not impose special conditions of parole. Pursuant to its rule-making authority (*see,* Executive Law § 259-c [11]), the Board of Parole promulgated 9 NYCRR 8003.1 (b) which provides in pertinent part that a parole releasee "is expected to comply faithfully with all conditions specified in writing at the time of his release *and with all other conditions and instructions, whether oral or in writing, given him by* the board, a member, an authorized representative of the board or a *parole officer*" (emphasis added). Since we cannot say that this regulation is unreasonable or arbitrary, it must be given the force and effect of law (*see, Molina v Games Mgt. Servs.,* 58 NY2d 523, 529).

We also find unpersuasive relator's argument that the portion of Correction Law former § 215, which required a parolee to "carry out the instructions of his parole officer and in

general so comport himself as such officers shall determine", was repealed by implication because similar language was not reenacted in Executive Law article 12-B (*see*, L 1977, ch 904, § 2). The Legislature clearly did not intend the result relator urges. Rather, the Legislature granted the Board of Parole the general authority to enact rules, such as 9 NYCRR 8003.1 (b), to allow the Board of Parole to devote sufficient attention to its policy-making functions. Moreover, the Legislature also provided that parole officers be selected based upon their ability to use judgment in implementing the rules and regulations of parole and conditional release (*see*, Executive Law § 259-f [2]) and to supervise individuals in the legal custody of the Division of Parole (*see*, Executive Law § 259-a [4]; § 259-i [2], [6]).

Accordingly, the petition, as converted, is dismissed. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—habeas corpus.) Present—Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.