■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GABRIEL HODGE, Appellant, v LAWRENCE E. WELLS, as Superintendent of the Albany County Jail and Penitentiary, Respondent.— Levine, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), entered June 10, 1986 in Albany County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In May 1975 petitioner was sentenced to an indeterminate term of 3½ to 7 years' imprisonment based upon a conviction for grand larceny in the second degree. In September 1978 the State Board of Parole decided to grant petitioner parole and set an October 25, 1978 release date. Petitioner was given a furlough from October 13 to October 17, 1978 so that he could obtain employment prior to his release on parole. During his furlough, however, petitioner was arrested for burglary in the third degree. Petitioner's parole release date was immediately suspended but no rescission or revocation hearing was ever held. On June 5, 1979 petitioner was convicted of the burglary charge and sentenced to an indeterminate term of 3 to 6 years' imprisonment.

Petitioner was released on parole in 1984 and remained at liberty until February 1986 when he was arrested by the City of Albany police and detained in the Albany County Jail on a charge of criminal possession of stolen property in the first degree. Petitioner brought this application for a writ of habeas corpus in April 1986 claiming that his detention in the Al-

bany County Jail was unlawful. County Court denied petitioner's application and this appeal ensued.

The sole basis advanced for the writ was the failure by the Board of Parole to give petitioner a hearing relating to the suspension of his parole release date in 1978. In essence, petitioner argues that since his parole was never properly revoked, he could not lawfully have been imprisoned on the balance of his 1975 sentence for grand larceny. He further argues that his parole which had been granted in 1978 went into effect and that his incarceration following his 1979 burglary conviction was solely for his burglary sentence and, as a result, the two sentences ran concurrently. According to petitioner, it follows that he was entitled to be released in 1985 upon the expiration of the maximum six-year term of his 1979 sentence for burglary.

County Court properly rejected petitioner's argument as contrary to the express mandate of Penal Law § 70.25 (2-a). This statute provides that when an indeterminate sentence is imposed on a predicate felony offender who also has an undischarged indeterminate term of imprisonment for a prior crime, "the court must impose a sentence to run consecutively with respect to such undischarged sentence". Thus, when petitioner was sentenced on the burglary conviction in 1979, the law required that the sentence run consecutive to the three years which remained on his 1975 sentence (see, People v West, 80 AD2d 680, 681). Put another way, petitioner did not begin serving time on his more recent sentence until the expiration of his prior sentence for grand larceny (see, Hechtman, 1978 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 70.25 [1987 Supp], at 286).

When petitioner received his 1979 sentence, the amount of undischarged time on his prior sentence was the same whether petitioner had been granted parole or remained incarcerated (see, Penal Law § 70.40 [1] [a]; see also, People ex rel. Allen v Dalsheim, 48 NY2d 971, 972). In addition, by operation of Penal Law § 70.25 (2-a), petitioner was obligated to serve the aggregated maxima of the two sentences without reference to petitioner's parole status or any claimed errors in relation thereto. Consequently, petitioner's contention that his sentences expired in 1985 is without merit.

Moreover, at the time of the commencement of the instant proceeding petitioner was in the custody of Albany County authorities on a pending criminal charge. Because this pend-

ing charge was an independent basis for petitioner's detention in the Albany County Jail, habeas corpus relief was properly denied *(see, People ex rel. Frisbie v Hammock,* 112 AD2d 721).

Judgment affirmed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Harvey, JJ., concur.