■ In the Matter of VAN CORTLANDT PARK DODGE, INC., Respondent, v COMMISSIONER OF THE DEPARTMENT OF CONSUMER AFFAIRS OF THE CITY OF NEW YORK, Appellant.—Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered January 7, 1991, which reduced civil penalties of $2225 and $7400 imposed by respondent for violations of the New York City Consumer Protection Law to $500 each, unanimously modified on the law, the facts, and in the exercise of discretion, to reinstate the full penalty of $2225 on the first set of charges, and to reinstate to the extent of $4150 the penalty on the second set of charges, and otherwise affirmed, without costs.

Petitioner, a used car dealer, was cited for deceptive advertising in violation of title 20 (ch 5, sub ch 1) of the Administrative Code of the City of New York and related regulations. The first set of charges specified failures to disclose petitioner's Department of Consumer Affairs license number in two newspaper advertisements that ran in January 1990 (fined a total of $250), a 13-day campaign advertising an unauthorized "construction sale" (fined $1300), failure to disclose material limitations and conditions in connection with advertised low-rate financing (fined $500), and default on the hearing ($150 assessment), as well as an unspecified imposition of $25. Petitioner took no administrative appeal from this March 20, 1990 determination.

Ten days later, petitioner was cited for 29 more violations

involving deceptive trade practice, stemming from a single advertisement that ran in the New York Daily News on March 25, 1990. Fifteen used cars were listed in this ad. Petitioner was charged with 15 counts of using undersized type in describing the vehicles' specifications, one count of using insufficiently legible type size and contrast in the layout, 12 more counts for use of the restricted terms "fully loaded" or "fully equipped" without further describing the options available on 12 of the vehicles, and one count for failure to include the required statement as to whether the listed prices included taxes, title fees and registration. Petitioner again defaulted at this hearing. In a determination dated May 3, 1990, petitioner was fined $250 for each of the undersized listings in the ad (a total of $3750), $250 for the entire ad being not easily readable, $250 for each of the 12 misleading references to equipment options (a total of $3000), and $250 for omitting the required statement as to whether the listed prices included taxes and fees, as well as $150 for failure to appear at the hearing. This time, petitioner did take a timely administrative appeal from the decision after inquest, resulting in an affirmance by the Director of Adjudication on May 30, 1990.

This CPLR article 78 proceeding, commenced by show cause order on August 3, 1990, sought to challenge both administrative rulings. The IAS court reduced the fine on the two sets of charges to $500 each, and respondent appeals.

Having failed to exhaust its administrative remedies on the first set of charges, petitioner's resort to judicial intervention on that matter was technically premature and therefore lacked a jurisdictional basis (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52). Furthermore, the commencement of this article 78 proceeding followed by more than four months that first administrative ruling at the hearing level, and was therefore precluded by the applicable statute of limitations (CPLR 217 [1]). Thus the IAS court was without jurisdiction to reduce those penalties.

The second set of charges was administratively appealed, and this timely article 78 proceeding challenging the adverse ruling followed. On review, we find the sweeping reduction in penalties, essentially treating all of the separate violations charged on each occasion as a single offense, was error. Respondent could have lawfully imposed a fine of up to $500 for each violation cited (Administrative Code § 20-703 [b]), which would have approximately doubled the administrative penalty finally imposed. To deny respondent the discretionary

authority to penalize each specification individually would tend to trivialize a violation to the level of an acceptable cost of doing business, thus impermissibly diluting the effectiveness of the Consumer Protection Law as a deterrent to unfair and deceptive trade practices *(see, United States v ITT Cont. Baking Co.,* 420 US 223, 231; *Matter of A. G. Odell, Inc. v Axelrod,* 106 AD2d 736).

We so hold, notwithstanding that the violations in the second set of charges all stem from a single advertisement *(cf., Aponte v Raychuk,* 172 AD2d 280). The deceptive specifications with regard to each of 12 individual automobiles constituted 12 discrete violations. However, we conclude that the under-sized type face pertaining to all 15 automobiles in the ad constituted but a single violation, and thus the first 15 counts should be consolidated for a single fine of $500, rather than the cumulative $3750 assessed by respondent for this conduct. Concur—Wallach, J. P., Kupferman, Ross and Smith, JJ.