■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WAYNE DELL, Appellant, v HANS WALKER, as Superintendent of Auburn Correctional Facility, et al., Respondents.—Judgment unanimously affirmed. Memorandum: Following petitioner's final parole revocation hearing, the Administrative Law Judge's recommendation was to "Return and hold for 15 years prior to Board appearance." The Parole Board issued a decision notice indicating that the Administrative Law Judge's recommended disposition was "approved", but stating "Return and hold 15 months." Six days later the Board, *sua sponte,* issued a "corrected decision" notice stating "Return and hold 15 years." Petitioner challenges the Board's authority to issue the corrected decision.

Although a habeas corpus proceeding is generally the appropriate means to challenge a revocation of parole *(see, Matter of Soto v New York State Bd. of Parole,* 107 AD2d 693, 694, *affd* 66 NY2d 817), "the remedy of habeas corpus is available only to one who is entitled to immediate release from the custody he is challenging" *(People ex rel. Malinowski v Casscles,* 53 AD2d 954, *appeal dismissed* 40 NY2d 989, *lv denied* 40 NY2d 809, *accord, People ex rel. Douglas v Vincent,* 50 NY2d 901, 903). If petitioner prevails, he will be entitled only to earlier consideration for release by the Parole Board, not immediate release. Thus, habeas corpus relief is inappropriate *(see, People ex rel. Douglas v Vincent, supra; People ex rel. Grimmick v McGreevy,* 141 AD2d 989, 991, *lv denied* 73 NY2d

702). Petitioner's appropriate procedural remedy is a CPLR article 78 proceeding, and we thus convert the petition *(see,* CPLR 103 [c]; *People ex rel. Frisbie v Hammock,* 112 AD2d 721; *Matter of Soto v New York State Bd. of Parole,* 107 AD2d 693, 695, *supra).*

Turning to the merits, we agree with Supreme Court's conclusion that "the Board is not without the power to correct an obvious clerical error" *(see, Matter of Turner Constr. Co. v State Tax Commn.,* 57 AD2d 201; *Matter of Campbell v Bartlett,* 49 AD2d 762; *Matter of Bernard v Joy,* 123 Misc 2d 401). The first notice, which directed that petitioner be returned and held for 15 months, did not accurately reflect the Board's decision, and respondents had the authority to remedy the mistake. (Appeal from Judgment of Supreme Court, Cayuga County, Contiguglia, J.—Habeas Corpus.) Present—Green, J. P., Lawton, Boehm, Fallon and Davis, JJ.