■ In the Matter of National Tractor Trailer School, Inc., Appellant, v Commissioner of New York State Department of Motor Vehicles, Respondent. [594 NYS2d 503] —Judgment unanimously affirmed without costs. Memorandum: Petitioner, a school that teaches its students to drive tractor trailers, admitted that it had violated Vehicle and Traffic Law § 394 (8) (a) and its related regulation by allowing a noncertified instructor to supervise student driver training on public roadways on two occasions. On both those occasions the

student drivers were involved in accidents with other vehicles resulting in property damage but no personal injuries. The Administrative Law Judge ordered petitioner to pay a $200 civil penalty and suspended petitioner's license for five consecutive days. That determination was upheld on administrative appeal and Supreme Court dismissed petitioner's CPLR article 78 proceeding seeking to annul the determination. We affirm.

State Administrative Procedure Act § 307 (1) was not violated. Petitioner received both the Administrative Law Judge's finding sheet, which contained his findings of fact and conclusions of law, and the order of suspension and revocation in time "to permit intelligent challenge by [the] party aggrieved and adequate judicial review following the determination" *(Matter of Enu v Sobol,* 171 AD2d 302, 306; *see also, Matter of Simpson v Wolansky,* 38 NY2d 391, 396).

We reject petitioner's argument that the amended order, dated February 13, 1991, was improperly issued. An agency is empowered to amend its own order to correct an obvious clerical error *(see, People ex rel. Dell v Walker,* 186 AD2d 1043). The Administrative Law Judge's finding sheet ordered both a $200 civil penalty and a five-day license suspension, but the order of February 7, 1991, provided only for the $200 civil penalty. Under those circumstances, the agency had the authority, *sua sponte,* to correct the error. We further conclude that the fact that petitioner paid the civil penalty before the amended order was issued did not affect the agency's jurisdiction to correct the error *(cf., H.D.I. Diamonds v Frederick Modell, Inc.,* 86 AD2d 561, *appeal dismissed* 56 NY2d 645). Finally, petitioner failed to present sufficient evidence to raise a factual issue whether the amended order was the product of improper influences outside the record.

We decline to disturb the penalty imposed. Under the circumstances presented, the suspension of petitioner's license for five consecutive days is not so disproportionate to the offense "as to be shocking to one's sense of fairness" *(Matter of Angyal v Ambach,* 105 AD2d 995; *see also, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of A.G. Odell, Inc. v Axelrod,* 106 AD2d 736). (Appeal from Judgment of Supreme Court, Onondaga County, Stone, J.—Article 78.) Present— Denman, P. J., Green, Balio, Doerr and Boehm, JJ.