Owen B. Walsh, Esq. Informal Opinion County Attorney No. 95-45 County of Nassau Nassau County Executive Bldg. One West Street Mineola, NY 11501-4820
Dear Mr. Walsh:
You have asked several questions regarding various documents to be filed with the county clerk.
First, you ask whether, pursuant to General Business Law § 130, the clerk may accept for filing a business certificate that indicates an individual is doing business under an assumed name which appears to be the name of a person. The certificate describes the "secondary, historic or geographic meaning or connotation" of the name as having been developed in the course of the individual's use of the assumed name as a trade name in show business and advertising over a period of 20 years. You have attached a copy of the proposed certificate to your request.
We conclude that the clerk may accept such a certificate for filing. General Business Law § 130 governs the filing of assumed name certificates by persons who conduct business under names other than their real names. It provides in relevant part:
 1. No person shall hereafter (i) carry on or conduct or transact business in this state under any name or designation other than his or its real name . . . unless:
 (a) Such person, if other than a corporation or limited partnership, shall file in the office of the clerk of each county in which such business is conducted or transacted a certificate setting forth the name or designation under which and the address within the county at which such business is conducted, or transacted, the full name or names of the person or persons conducting or transacting the same, including the names of all partners, with the residence address of each such person, and the age of any person less than eighteen years of age.
The statute includes restrictions on the use of assumed names that appear to be the name of a person. It provides:
 2. (a) No person or persons shall hereafter use or file a certificate for the use of any name or designation to carry on or conduct or transact business in this state which consists of or includes words, or initials and a word or words, which are or appear to be the full name or names, or the initial or initials and family name of a person or persons, or a colorable simulation thereof, unless:
 (1) the words or initials and word or words appearing to be the full name or initials and family name of a person included, are the true full name or the initials and family name of the person or one of the persons conducting the business; or
 (2) the words or initials and words so included, which are or appear to be the full name, or the initials and family name, of any person, have a secondary, historic or geographic meaning or connotation apart from that of a name of a person, and the name or designation so used contains a word or words clearly signifying such secondary, historic or geographic meaning or connotation, or is followed by the abbreviation "a.n.", and said secondary, historic or geographic meaning or connotation is stated in the certificate.
The proposed certificate includes the filer's statement that the assumed name has a historic background due to its longstanding use as a trade name. We are not aware of any requirement that the clerk look behind the certificate to determine its validity. He or she may accept it for filing at face value. We also note that
 section 130 of the General Business Law is a consumer protection statute; . . . the purpose of this filing requirement is to identify the persons conducting the business, and to protect the public by preventing deception and confusion.
See, Informal Opinion No. 88-56. These aims are served when a certificate meeting statutory requirements, by including the true name and business and residence addresses of the filer, is filed. Consumers who do business with the filer easily can ascertain his/her true identity and correct address.
Your second question is whether the clerk may require a person doing business under an assumed name to file a certificate in another county. The statute requires that a certificate be filed in each county where a person using an assumed name transacts business. Clearly, filing in your county is required in the circumstances you present. In our view, however, the filing requirements of other counties are matters to be determined by those counties. The aims of the statute would not be served if the Nassau County Clerk refused to accept the certificate for filing because a certificate had not been filed in another county. Nassau County residents then would be deprived of the notice that the filed certificate provides.
Next, you ask whether the exemption from fees that is set forth in CPLR § 8017 applies in an action brought by a county executive in his official capacity and individually. You also ask whether the exemption applies to all parties in such an action. You have supplied copies of correspondence regarding filing fees charged in a particular lawsuit to illustrate your questions.
CPLR § 8017 provides:
 Notwithstanding any other provision of this article or any general, special or local law relating to fees of clerks, no clerk shall charge or collect a fee from the state, or an agency or officer thereof, for any service rendered in an action in which any of them is involved, nor shall any clerk charge or collect a fee for filing, recording or indexing any paper, document, map or proceeding filed, recorded or indexed for the county, or an agency or officer thereof acting in an official capacity, nor for furnishing a transcript, certification or copy of any paper, document, map or proceeding to be used for official purposes.
We previously have concluded that the exemption established by section 8017 "was intended only for the county served by the county clerk in which such papers were to be filed". 1965 Op Atty Gen (Inf) 151. Seealso, Opinions of the State Comptroller, Opinion No. 89-19. Since the papers you present as an example were filed by the county executive of another county, the exemption was not applicable, regardless of the capacity in which the executive acted. Generally, we note that by its terms the statute provides an exemption only to "the county, or an agency or officer thereof acting in an official capacity". Thus, neither county officials acting as individuals nor private parties involved in litigation with the county would be entitled to the statutory exemption.
You also have asked whether a mechanism exists whereby the county clerk may remove erroneously recorded documents from the record and, if the clerk may do so, what the record should reflect. You explain that an individual presented two documents to the county clerk. The first, a base lease, was marked "for examination only" and was presented for inspection. The second document, a sublease, was presented to the clerk for recording. The clerk erroneously recorded both documents. The person who presented the documents has made a written request to the county clerk to remove the base lease from the record. We conclude that the clerk may correct an obvious clerical error and remove an erroneously recorded document from the record. Administrative officers generally have the authority to correct clerical errors. See, e.g., National TractorTrailer School v Department of Motor Vehicles, 191 A.D.2d 961 (4th Dept 1993); Turner Construction Co. v NYS Tax Commission, 57 A.D.2d 201 (3d Dept 1977).
The clerk should take whatever steps she deems necessary to avoid confusion as a result of removing the erroneously recorded document from the record. Such steps might include noting in the index that the particular document was removed and, in the record book, leaving blank pages where the document had been, with a notation that nothing is now recorded at those pages and with a reference to the index.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General