■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM NUNEZ, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [679 NYS2d 582] —Order, Supreme Court, Bronx County (Alexander Hunter, J.), entered on or about April 9, 1997, which, upon reargument, adhered to the prior order of October 21, 1996 denying petitioner a writ of habeas corpus

and dismissing the petition, unanimously affirmed, without costs.

The record supports the court's determination that the inclusion of an expired warrant number on the Notice of Violation of Parole was a mere clerical error that the Board of Parole had the power to correct (*see, People ex rel. Dell v Walker*, 186 AD2d 1043, *lv denied* 81 NY2d 702). Petitioner's own submissions indicate that he received timely notice of the correct warrant number, as well as of the charges alleged and the scheduled final parole revocation hearing. Since petitioner was convicted of a new crime in Massachusetts while still under parole supervision in New York, petitioner was not entitled to a preliminary parole revocation hearing (*People ex rel. Courtney v New York State Div. of Parole*, 208 AD2d 352, *lv denied* 84 NY2d 811). Concur—Milonas, J. P., Rosenberger, Williams, Tom and Saxe, JJ.