■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANKIE MALDONADO, Respondent, v MELVIN WILLIAMS, Superintendent, Willard Drug Treatment Campus, Appellant. [887 NYS2d 916]— Appeal from a judgment of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered April 2, 2008. The judgment granted the petition and directed petitioner's release to parole supervision.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: Petitioner commenced this proceeding seeking a writ of habeas corpus. Respondent appeals from a judgment granting the petition and directing petitioner's release to parole supervision. During the pendency of this appeal, petitioner's parole was violated, based on allegations that petitioner had absconded. We thus conclude that the appeal is moot because petitioner is being held on the violation of his parole and thus is no longer released to parole supervision (*see generally People ex rel. Mendolia v Superintendent, Green Haven Correctional Facility*, 47 NY2d 779 [1979]; *People ex rel. Chamberlain v Gibson*, 302 AD2d 950 [2003]; *People ex rel. Hodge v Wells*, 133 AD2d 497, 498-499 [1987], *lv denied* 70 NY2d 613 [1987]; *People ex rel. Frisbie v Hammock*, 112 AD2d 721 [1985]), and the exception to the mootness doctrine does not apply (*cf. Lindsay v New York State Bd. of Parole*, 48 NY2d 883, 884 [1979]; *Frisbie*, 112 AD2d 721 [1985]). Present—Smith, J.P., Centra, Fahey, Carni and Pine, JJ.