Matter of Major World Chevrolet, L.L.C. v Salas (2023 NY Slip Op 02383)

Matter of Major World Chevrolet, L.L.C. v Salas

2023 NY Slip Op 02383

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Manzanet-Daniels, J.P., Singh, Moulton, Rodriguez, Pitt-Burke, JJ. 

Index No. 155119/19 Appeal No. 188 Case No. 2021-02516 

[*1]In the Matter of Major World Chevrolet, L.L.C., et al., Petitioners,
v
Lorelei Salas etc., et al., Respondents.

Harfenist, Kraut & Perlstein, LLP, Lake Success (Steven J. Harfenist of counsel), for petitioners.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (ChloÉ K. Moon of counsel), for respondents.

Determination of respondent Office of Administrative Trials and Hearings, dated January 24, 2019, finding, after a trial, that petitioners violated, among other things, Administrative Code § 20-700, and imposing an aggregate civil penalty of $3,164,875, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Debra A. James, J.], entered February 26, 2021) dismissed, without costs.
Courts must defer to an agency's "rational interpretation of its own regulations in its area of expertise" (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]) and to the agency's reasonable interpretation of statutory language that is "susceptible to conflicting interpretations" (Matter of Chin v New York City Bd. of Stds. & Appeals, 97 AD3d 485, 487 [1st Dept 2012], lv denied 19 NY3d 815 [2012]). Accordingly, we defer to the Administrative Law Judge's (ALJ) rational interpretation of 6 RCNY 5-33 to require a consumer to be provided with Spanish translations of any documents related to a vehicle sale agreement negotiated in Spanish, as long as the consumer agreed to pay for the vehicle in installments, regardless of whether each document related to the installment payment agreement.
The ALJ's finding that petitioners provided consumers with documents effectively purporting to waive their rights under Vehicle and Traffic Law § 417, in violation of 6 RCNY 2-103(g)(1)(iii), is supported by substantial evidence.
The penalties are not shockingly disproportionate to the offense, in light of "the seriousness of petitioners' extensive violations" (Matter of Givens v City of New York, 177 AD3d 532 [1st Dept 2019], lv denied 35 NY3d 903 [2020]). The ALJ properly imposed certain penalties on a per-violation or per-advertisement basis (see Matter of Van Cortlandt Park Dodge v Commissioner of Dept. of Consumer Affairs of City of N.Y., 178 AD2d 234, 235-236 [1st Dept 1991]).
We have considered petitioners' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023